■ In the Matter of RICHARD T. COONS et al., Individually and as Representatives of the Nassau County Committee of the Conservative Party, Appellants, v. WILLIAM D. MEISSER et al., as Commissioners of the Nassau County Board of Elections, and THOMAS M. BRENNAN, Respondents.— In a proceeding under sections 330 and 335 of the Election Law to declare certain petitions designating Thomas M. Brennan as designee for the Conservative party for the office of Representative in Congress to be valid and effective and for other relief, petitioners appeal from an order of the Supreme Court, Nassau County, entered June 24, 1966 which dismissed the proceeding. Order reversed on the law and the facts, without costs, and petition granted. Findings of fact other than the finding that Brennan's acceptance was not genuine are affirmed. Subdivision 1 of section 139 of the Election Law provides for formal written declination of a designation by a person who is an enrolled party member of the designating organization; he need not file a consent. However, a person not an enrolled party member of the designating organization, by means of

a properly acknowledged writing, must indicate his acceptance of the designation offered him; if a person, not an enrolled party member, wishes to decline the designation, he need only remain silent. Respondent Brennan, by means of a formal, written statement, acknowledged on May 24, 1966, the genuineness, regularity, or form of which is not disputed, accepted the designation offered him by the Conservative party. Thereafter, one Sheehan, also a designated candidate, declined his designation, in Brennan's favor. Even if subdivision 1 of section 139 of the Election Law be read as permitting a designee, not an enrolled party member of the designating party, to decline, by means of a formal writing, after having once accepted the designation offered him, the facts in this instance indicate strong reliance by both Sheehan and the Conservative party on Brennan's acceptance, and action based on that reliance. Brennan, in sum, is estopped from now refusing the designation he accepted. Ughetta, Rabin and Hopkins, JJ., concur; Beldock, P. J., dissents and votes to affirm the order, with the following memorandum: Respondent Brennan is the Republican party candidate for election to the United States Congress from the Fifth New York Congressional District. He was also designated by the Conservative party for the same office under one petition in which he was the original designee, and under a second petition in which he was the designee substituted for one Sheehan. Sheehan had declined his Conservative party designation in respondent Brennan's favor, with the result that Brennan was the only candidate for the Conservative party nomination. Subdivision 1 of section 139 of the Election Law required Brennan (a Republican) to accept the Conservative party designation, if he so desired. Brennan duly executed such an acceptance on May 24, 1966 and said acceptance was duly filed on May 31, 1966. It is not clear whether Brennan accepted one or both designating petitions. On the same day that the acceptance was filed, Brennan duly executed a declination, which was mailed to the Board of Elections and postmarked that day, and was concededly filed in time (L. 1966, ch. 435; Election Law, § 143, subd. 12). It is not clear whether the declination was of one or both of the designating petitions. Absent any prohibition in the statute for the designee to decline his acceptance after filing it, it is my opinion that he would have the right to decline as long as it does not result in such prejudice as to spell out an estoppel. There is no estoppel here because it was conceded by appellants on the argument that, when the declination was filed and notice thereof sent to appellants, there was ample time for the committee on vacancies to designate another candidate. To hold, as does the majority, that once the acceptance is filed, there can be no declination, would, under the circumstances here present, be, in my opinion, a distortion of the intent of section 139 of the Election Law.