OPINION OF THE COURT
Per Curiam.
On August 24, 1994, the Independence Fusion Party (IFP) filed an independent nominating petition naming Richard M. Rosenbaum as its candidate for Governor. Rosenbaum also campaigned for the Republican Party nomination for Governor. On September 16, 1994, following his loss in the Republican Party primary, Rosenbaum filed a timely declination of the IFP nomination pursuant to Election Law § 6-158 (11). Also on September 16, the IFP’s Committee to Fill Vacancies filed documents required by Election Law § 6-148 to fill the vacancy caused by Rosenbaum’s declination by substituting respondent Blaise T. Golisano as the IFP’s candidate for Governor.
On September 22, 1994, petitioner filed an Objection and Specification to the substitution of Golisano for Rosenbaum. Petitioner’s sole specification of objection stated that "the purported substitution follows a declination executed pursuant to section 6-158 (11) of the Election Law and that statute makes no provision for substitution following the declination.” The State Board of Elections conducted a hearing on petitioner’s objection, and determined that the IFP properly substituted Golisano for Rosenbaum. Petitioner then brought this proceeding to annul the Board of Elections’ determination and to enjoin the placement of Golisano’s name on the ballot as the IFP candidate for Governor in the general election.
Supreme Court concluded that Election Law § 6-158 (13) vested power in the IFP Committee to Fill Vacancies to substitute Golisano for Rosenbaum and dismissed the petition. The Appellate Division affirmed (208 AD2d 584). We granted petitioner’s application for leave to appeal and now affirm.
*453 Petitioner’s sole argument before us is that Election Law § 6-158 (13) does not authorize the filling of a vacancy caused by the postprimary declination of an independent candidate, as occurred here. Section 6-158 (13) provides as follows:
"If a vacancy occurs too late to comply with the provisions of this section, the certificates of nomination, certificates of acceptance or declination, certificates to fill a vacancy in such nomination and certificates of authorization of a nomination shall be filed as soon as practicable” (emphasis supplied).
Petitioner maintains that the language "certificates to fill a vacancy in such nomination” refers back to the earlier language "certificates of nomination” in Election Law § 6-158 (13), and that "certificate of nomination” is a phrase used exclusively in the Election Law to refer to a nomination by a political party rather than an " 'independent nomination’ * * * by an independent body” (see, Election Law § 1-104 [13]) such as the IFP. Thus, petitioner argues, Election Law § 6-158 (13) does not authorize the IFP to fill this vacancy. We disagree.
Election Law § 6-148 (1) provides in general that "[a] vacancy in a * * * nomination caused by declination, where a declination is permitted by this article * * * may be filled by the making and filing of a certificate.” Section 6-148 (2) specifically grants "a majority of the committee to fill vacancies shown upon the face of the petition * * * of * * * nomination” the right to fill "[a] vacancy in a[n] * * * independent nomination.” Thus, the Election Law gives the Committee to Fill Vacancies on an independent nominating petition, such as that of the IFP here, the right to fill the vacancy caused by the candidate’s declination, subject to the time limits and other procedural requirements of Election Law § 6-158.
Election Law § 6-158 specifies filing requirements and deadlines for nominating and designating petitions and certificates for candidate acceptances and declinations, for the holding of judicial conventions, and for the filling of vacancies as to nominations — by both political parties and independent bodies. The various subdivisions of Election Law § 6-158 deal seriatim with each of the steps whereby a candidate is selected and accepts or declines the nomination or designation, and the methods by which a vacancy caused by such a *454 declination is filled. Thus, subdivisions (6) through (8) of Election Law § 6-158 address party nominations, i.e., the times for filing the certificate of nomination (Election Law § 6-158 [6]), for the filing of a certificate of acceptance or decimation by the candidate (Election Law § 6-158 [7]) and for filling a vacancy caused by a declination (Election Law § 6-158 [8]). Subdivisions (9) through (12) of section 6-158 correspondingly address the deadlines with respect to independent nominations and certificates of acceptance or declination thereof; in parallel fashion, there is a provision setting a deadline for filling a vacancy caused by a declination (Election Law § 6-158 [12]).
Having thus set forth the various deadlines, including those for the filling of vacancies for both party and independent nominations in the foregoing subdivisions of Election Law § 6-158, subdivision (13) of that section addresses alternative time requirements for filling a vacancy in the event that "a vacancy occurs too late to comply with the provisions of this section” (emphasis supplied).
Uncontestably, the vacancy caused by Rosenbaum’s declination occurred too late to comply with Election Law § 6-158 (12) , and petitioner can point to no language in subdivision (13) expressly excluding application of subdivision (13) to such a late declination of an independent nomination. Moreover, the terminology of subdivision (13) and its location in the statutory framework of Election Law §6-158 are strongly persuasive that it applies equally to vacancies occurring with respect to independent nominations and to party nominations. By its terms, the application of subdivision (13) is triggered by "a vacancy [which] occurs too late to comply with the provisions of this section” (emphasis supplied), rather than by an inability to comply with the party-specific subdivisions of section 6-158. Further, the Legislature placed subdivision (13) after the provisions relating to independent nominations and not immediately after the party-specific subdivisions as it would have done if, as petitioner argues, it were intended only to apply to those party-specific subdivisions.
Moreover, throughout Election Law § 6-158, the Legislature refers to "party nomination” when it means designation by a political party (subds [6], [7], [8]) and "independent nomination” when it means designation by an independent group (subds [9], [11]). If the Legislature meant to impose the limitation petitioner advocates, it would have used the term "vacancy in a party nomination” in subdivision (13). We also *455 agree with the Appellate Division that Matter of Moore v Walsh (286 NY 552) is inapposite as that case construed former Election Law § 140 (10), which governed vacancies described in a subdivision expressly limited to party nominations.
Our interpretation furthers the policy of the Legislature in enacting the Election Reform Act of 1992, to “facilitate] access to the ballot by party and independent candidates” (Preamble to L 1992, ch 79; see also, Mem of Assembly Rules Comm, L 1992, ch 79, 1992 NY Legis Ann, at 53). Thus, our construction is not only consistent with the statutory framework of Election Law § 6-158 and other applicable provisions of the law, but also advances the policy of broad participation in the political process, both by political parties and by independent bodies, including the more than 30,000 citizens who signed the IFP nominating petitions, all in accordance with the statute’s evident intent.
Finally, although respondents challenge the constitutionality of petitioner’s construction of the statute, " 'constitutional issues affecting legislation will not be determined * * * in advance of the necessity of deciding them * * * if a construction of the statute is fairly possible by which the question may be avoided.’ ” (Matter of Peters v New York City Hons. Auth., 307 NY 519, 527-528 [quoting Rescue Army v Municipal Ct, 331 US 549, 569].)
Accordingly, the order of the Appellate Division should be affirmed, without costs.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith, Levine and Ciparick concur in Per Curiam opinion.
Order affirmed, without costs.