(October 20, 1995)

■ In the Matter of MARK R. ROSE, Respondent, v MARY L. SMITH, Appellant, et al., Respondent. (And Another Related Proceeding.) In the Matter of DAVID SAWYER, Respondent, v ROBERT M. ALLEN, Appellant, et al., Respondent. (And Another Related Proceeding.) In the Matter of JENNIFER N. CURTIS, Respondent, v RICHARD E. DAVIDSON, Appellant, et al., Respondent. [633 NYS2d 218] —Per Curiam. Appeal from a judgment of the Supreme Court (Connor, J.), entered October 12, 1995 in Albany County, which granted petitioners' applications, in five proceedings pursuant to Election Law § 16-102, to declare valid the certificates of nomination naming petitioners as the Democratic Party candidates for the office of Member of the Assembly for the 109th, 113th and 122nd Assembly Districts.

Petitioners are the Democratic Party candidates for offices of Member of the Assembly in their respective Assembly Districts. Each was nominated by a certificate of nomination executed by all the Democratic County Chairs of the Democratic Committees of his or her respective Districts. Objections to each of these certificates of nomination were filed respectively by respondent objectors (hereinafter collectively referred to as respondents), three Republican Party members. The objections were filed with respondent Board of Elections and claimed that the certificates of nomination were invalid on their face because the nominations were made by committees other than the appropriate county committees as required by Election Law § 6-116 and Article VI, § 3 of the Rules of the Democratic Party.

As a result, petitioners, by unverified petitions, each commenced separate proceedings to validate their certificates of nomination. After a hearing before the Board, a single Commissioner ruled that the certificates of nomination were invalid. Two of petitioners then each commenced a proceeding challenging the Board's actions, also by unverified petitions. The petitions in each of the five proceedings were, however, notarized. After Supreme Court heard all of the proceedings together, it reinstated the certificates of nomination. The court held that, although the petitions were not verified, this did not

divest it of jurisdiction. The court also found that respondents, as Republicans, were without standing to object to the Democratic nominations. Finally, the court concluded that three Commissioners were required to participate in order to invalidate the certificates of nomination. This appeal followed.

We affirm. In our view, petitioners' failure to verify their respective petitions does not require dismissal of the instant proceedings. It is true that Election Law § 16-116 requires that a proceeding commenced under the Election Law must be by verified petition and that this requirement has been strictly adhered to and deemed jurisdictional in nature (*see, e.g., Matter of Goodman v Hayduk*, 45 NY2d 804, 806; *Vaughn v Withers*, 153 AD2d 712). Under the particular circumstances of this case, however, a different result should obtain.

In making this determination, we first turn to the CPLR which sets forth the general requirements for verified pleadings. Although petitioners did not satisfy the requirements (*see*, CPLR 3021), the CPLR specifically provides that defects in pleadings "shall be ignored if a substantial right of a party is not prejudiced" (CPLR 3026). In non-Election Law matters, it has been determined that an omitted or flawed verification is a defect which can be ignored in the absence of any showing of prejudice (*see, e.g., Matter of Ireland v Town of Queensbury Zoning Bd. of Appeals*, 169 AD2d 73, *lv dismissed* 79 NY2d 822; *Matter of Nafalski v Toia*, 63 AD2d 1039). Indeed, as one authority has pointed out, "[t]here is so scant an advantage emanating from verification that the party who deems himself entitled to a verified pleading can be deemed unprejudiced if he doesn't get it" (Siegel, NY Prac § 235, at 350 [2d ed]). Even if it could be argued that the possibility for prejudice is greater, per se, in the Election Law context, the situation is different in the instant case. Here, the petitions were all notarized, a circumstance which obviates the argument of prejudice or possibility of fraud. Simply, it removes the case from the ambit of unverified pleadings (*but see, Matter of Alper v Hayduk*, 71 AD2d 935).

In addition, given the particular facts of this case, not only is there no evidence that a substantial right of respondents would be prejudiced but rather it is clear that a substantial right of petitioners will be so prejudiced. Dismissing the proceedings would abort candidacies and disenfranchise the voters in the respective Assembly Districts involved. In this regard, we emphasize that petitioners commenced their proceedings to *validate* their certificates of nomination in response to respondents' attempts to have the certificates of nomination

voided on grounds for which respondents clearly lacked standing. Election Law § 16-102 (1) specifies the manner in which a judicial proceeding may be commenced to challenge the nomination of a candidate for public office. Case law has construed this provision as prohibiting a member of one political party from objecting to the certificate of nomination of a candidate of another political party where the nature of the objections relate solely to the internal operations of the other political party (*see, Matter of Stempel v Albany County Bd. of Elections*, 60 NY2d 801; *Matter of Wydler v Cristenfeld*, 35 NY2d 719). Here, while respondents did not commence judicial proceedings and only filed objections, the same reasoning should be applied. The nature of the objections at hand, like the objections in the above cited cases, relate to the internal regulation of the affairs of another political party. Only members of that political party should be entitled to challenge actions taken in relation to such internal matters. It is true that Election Law § 6-154 (2) permits objections to a nomination to be filed by "any voter registered to vote for such public office". This provision, however, should be construed in light of the above case law. Standing to file objections should be denied where they relate to the internal operations of another political party. Respondents, as Republican Party members, thus should not have been permitted to file objections to the internal workings of the Democratic Party's nominating procedures.*

The only reason petitioners were placed in the position of having to seek a judicial remedy was as a direct result of respondents' actions for which they had no standing. Therefore, if this Court made a determination that petitioners, by failing to verify their petitions, are barred from pursuing their judicial remedy, that would enable respondents to achieve indirectly what they could not achieve directly, i.e., the removal of petitioners from the ballot. Thus, Supreme Court's judgment granting the petitions should be affirmed.

In this regard, we specifically note that a review of the record reveals that the proceedings were timely commenced. We have examined respondents' remaining arguments in favor of reversal and find them either academic or lacking in merit.

Cardona, P. J., Mikoll and Peters, JJ., concur.

Yesawich Jr., J. (dissenting). We respectfully dissent, and

---

* We also agree with petitioners' contention that the Board improperly invalidated their certificates of nomination without convening a quorum of all three Commissioners (*see,* Election Law § 3-100 [4]). Here, it is undisputed that only one Commissioner made the determination invalidating petitioners' certificates of nomination.

vote to reverse and dismiss the petitions as jurisdictionally deficient. As the majority notes, a proceeding of this type must be commenced by verified petition (*see,* Election Law § 16-116; *Matter of Goodman v Hayduk,* 45 NY2d 804, 806; *Matter of O'Connell v Ryan,* 112 AD2d 1100, *lv denied* 65 NY2d 607; *Vaughn v Withers,* 153 AD2d 712), and the failure to satisfy this requirement prior to expiration of the applicable Statute of Limitations, as occurred here, has repeatedly been held to deprive the court of jurisdiction, compelling dismissal (*see, Matter of Haberstro v Scholl,* 213 AD2d 1082; *Matter of O'Connell v Ryan, supra*). In our view, notarization of a signature cannot substitute for the statutorily mandated form of verification; it is not our prerogative to relax the standards set by the Legislature in this regard (*see, Matter of Alper v Hayduk,* 71 AD2d 935).

Petitioners' arguments to the contrary notwithstanding, this is not the type of technical requirement that was eased by the Election Reform Act of 1992 (L 1992, ch 79), which was intended to liberalize the intricate provisions for preparing and filing designating petitions (*see,* L 1992, ch 79, § 14 [15]; Governor's Mem, 1992 McKinney's Session Laws of NY, at 2877; *see also, Matter of Cozzolino v Columbia County Bd. of Elections,* 218 AD2d 921, *lv denied* 86 NY2d 704). Unlike the specifications involving the format, binding, and filing of petitions, the verification requirement is directly aimed at preventing fraud (*compare, Matter of Hogan [Montgomery] v Goodspeed,* 196 AD2d 675, 677-678, *affd* 82 NY2d 710).

And, inasmuch as the Legislature has not seen fit to impose a lesser burden on a person seeking to obtain or retain a place on the ballot, than on one who objects to another's candidacy, we find that distinction to be an insufficient reason for disregarding a mandate that is directed toward satisfying the core objectives of the Election Law.

Casey, J., concurs. Ordered that the judgment is affirmed, without costs.