■ In the Matter of DANIEL FRISA, Respondent, v STEVEN IRACE, Appellant, et al., Respondents. [746 NYS2d 845]

The sole issue before us is whether the instant proceeding was properly commenced. The parties do not argue the merits.

The petition was not verified as mandated by Election Law § 16-116. The requirement is jurisdictional in nature and cannot be cured by amendment (*see Matter of Goodman v Hayduk,* 45 NY2d 804).

We further note that our determination will not disenfranchise any voters (*cf. Matter of Rose v Smith,* 220 AD2d 922). Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.

Friedmann, J., dissents and votes to affirm the final order insofar as appealed from, with the following memorandum: I would affirm the final order insofar as appealed from. It is true that Election Law § 16-116 requires that a proceeding commenced under the Election Law must be by verified petition and that this requirement has been strictly adhered to and deemed jurisdictional in nature (*see, Matter of Goodman v Hayduk,* 45 NY2d 804, 806; *Vaughn v Withers,* 153 AD2d 712). Under the particular circumstances of this case, however, a different result should obtain.

Contrary to the appellants' contention, that branch of the petition which was to invalidate his designating petition as a candidate for the Republican Party was properly verified. The petitioner duly swore to the contents of the petition, and although there was no jurat, it was acknowledged by the notary/ attorney before whom the petitioner took his oath and offered his sworn statement, which obviated any prejudice to the appellant or possibility of fraud (*see, Matter of Rose v Smith,* 220 AD2d 922, 923). In addition it is the petitioner, not the appellant, who would be prejudiced by dismissal of this proceeding, because as a result a candidate with an improper designating petition would be allowed to remain on the ballot.