■ In the Matter of Daniel Frisa, Respondent, v Marilyn O'Grady, Appellants, et al., Respondents. [746 NYS2d 846] ■

The appeal from the intermediate order dated August 16, 2002, must be dismissed because the right of direct appeal therefrom terminated with the entry of the final order in the proceeding (see Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the final order (see CPLR 5501 [a] [1]).

The sole issue before us is whether the instant proceeding was properly commenced. The parties do not argue the merits.

The petition was not verified as mandated by Election Law § 16-116. The requirement is jurisdictional in nature and cannot be cured by amendment (see Matter of Goodman v Hayduk, 45 NY2d 804).

We further note that our determination will not disenfranchise any voters (cf. Matter of Rose v Smith, 220 AD2d 922). Smith, J.P., Goldstein, Mastro and Rivera, JJ., concur.

Friedmann, J., concurs in part and dissents in part and votes to dismiss the appeal from the order dated August 16, 2002, and affirm the final order dated August 20, 2002, with the following memorandum: I would affirm the final order granting the petition. In my view the petitioner's failure to properly verify his petition does not require dismissal of the instant proceeding. It is true that Election Law § 16-116 requires that a proceeding commenced under the Election Law must be by verified petition and that this requirement has been strictly adhered to and deemed jurisdictional in nature (see Matter of Goodman v Hayduk, 45 NY2d 804, 806; Vaughn v Withers, 153 AD2d 712). Under the particular circumstances of this case, however, a different result should obtain.

Here, the petitioner duly swore to the contents of the petition, and although there was no jurat, it was acknowledged by the notary/attorney before whom the petitioner took his oath and offered his sworn statement, which obviated any prejudice

to the appellant or possibility of fraud (*see Matter of Rose v Smith,* 220 AD2d 922, 923). In addition it is the petitioner, not the appellant, who would be prejudiced by dismissal of this proceeding, because as a result a candidate with an improper designating petition would be allowed to remain on the ballot.