■ In the Matter of DANIEL FRISA, Respondent, v CAROLYN McCARTHY, Appellant, et al., Respondents. [748 NYS2d 269] —In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate petitions designating Carolyn McCarthy as a candidate in the primary election that was to be held September 10, 2002, for the nomination of the Liberal Party as its candidate for the public office of Member of the United States House of Representatives for the 4th Congressional District, Carolyn McCarthy appeals (1) from an order of the Supreme Court, Nassau County (Roberto, J.), dated August 14, 2002, which, in effect, denied her motion to dismiss the proceeding, among other things, on the ground that the petition was not properly verified, and struck her second affirmative defense, and (2), as limited by her brief, from so much of a final order of the same court, dated August 16, 2002, as upon, in effect, granting reargument, denied her motion, inter alia, to dismiss the proceeding on the ground that the petition was not properly verified, granted the petition, invalidated her designating petitions, and directed that her name be removed from the Liberal Party ballot.

Ordered that the appeal from the order dated August 14, 2002, is dismissed as academic, without costs or disbursements, in light of our determination of the appeal from the final order dated August 16, 2002; and it is further,

Ordered that the final order dated August 16, 2002, is reversed insofar as appealed from, on the law, without costs or disbursements, upon reargument, the appellant's motion, inter alia, to dismiss the proceeding on the ground that the petition was not properly verified is granted, the proceeding is dismissed, and the matter is remitted to the Nassau County Board of Elections to place the appellant's name on the Liberal Party ballot.

The appellant contends that the proceeding was not properly commenced. As we have previously stated under circumstances which were the same as exist here, an acknowledged petition cannot be considered properly verified as mandated by Election

Law § 16-116 (*see Matter of Frisa v O'Grady,* 297 AD2d 394; *Matter of Frisa v Irace,* 297 AD2d 393). This requirement is jurisdictional in nature and cannot be cured by amendment (*see Matter of Goodman v Hayduk,* 45 NY2d 804). We further note that our determination will not disenfranchise any voters (*cf. Matter of Rose v Smith,* 220 AD2d 922, 933).

The petitioner's remaining contention is without merit (*see Matter of Hackett v Egan,* 196 AD2d 870). O'Brien, J.P., Krausman, Townes and Rivera, JJ., concur.