■ In the Matter of FRANK A. TINARI, Appellant, v RICHARD L. THURY et al., Respondents. [764 NYS2d 359] —In a proceeding pursuant to Election Law § 16-102 to invalidate a certificate of substitution designating Thomas G. Teresky as a candidate in a primary election to be held on September 9, 2003, for the nomination of the Conservative Party as its candidate for the public office of Member of the Town Council of the Town of Huntington, the petitioner appeals from a final order of the Supreme Court, Suffolk County (Dunn, J.), dated August 26, 2003, which denied the petition and dismissed the proceeding.

Ordered that the final order is reversed, on the law, without costs or disbursements, the petition is granted, the certificate of substitution is invalidated, and the Suffolk County Board of Elections is directed to remove the name of Thomas G. Teresky from the appropriate ballot.

The Supreme Court erred in denying the petition and dismissing the proceeding. The certificate of substitution designating Thomas G. Teresky in place of Brian K. Tuohey, who, on July 11, 2003, duly declined the designation as a candidate in the primary election to be held on September 9, 2003, for the nomination of the Conservative Party as its candidate for the public office of Member of the Town Council of the Town of Huntington, was not filed until August 20, 2003. Thus, the certificate of substitution was not filed within the time frame required by the Election Law (see Election Law § 6-158 [1]-[3]). This was a "fatal defect" necessitating the granting of the petition (Election Law § 1-106 [2]), as the Supreme Court was foreclosed from fashioning an exception to this requirement (see Matter of Baker v Monahan, 42 NY2d 1074 [1977]). Ritter, J.P., Goldstein, McGinity and Crane, JJ., concur.