(August 20, 2004)

■ In the Matter of NEIL D. BRESLIN, Appellant, v MICHAEL F. CONNERS II et al., Respondents. [781 NYS2d 225]—

Per Curiam. Appeal from an order of the Supreme Court (Spargo, J.), entered August 6, 2004 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of substitution naming respondent Michael F. Conners II as the Republican Party candidate for the office of State Senator for the 46th Senate District in the September 14, 2004 primary election.

On July 15, 2004, the last day for filing designating petitions with the Albany County Board of Elections, the Republican Party filed a designating petition naming Gregory Fiozzo as the Republican Party candidate for the office of State Senator for the 46th Senate District in the September 14, 2004 primary election. Fiozzo filed a certificate of declination the same day. On July 16, 2004, the Committee to Fill Vacancies named respondent Theodore Hartman as the substitute Republican Party candidate for that office and he filed a certificate of acceptance the same day. On July 22, 2004, however, Hartman filed a certificate of declination withdrawing his name as a candidate for that office. On July 23, 2004, the Committee filed a certificate to fill a vacancy with the Board substituting respondent Michael F. Conners II as its new Republican Party candidate for the senatorial office.

Petitioner, the Democratic Party candidate for the same office in the November 2004 general election, commenced this proceeding seeking to invalidate the certificate to fill a vacancy substituting Conners. Following service of respondents' answers, and a cross motion to dismiss the petition for lack of

standing, Supreme Court denied the relief requested in the petition. This appeal by petitioner ensued.

We turn first to the issue of whether petitioner, as a member of the opposing political party, has standing to maintain the instant proceeding. Contrary to the finding of Supreme Court, we conclude that he does have standing. Petitioner asserts two substantive challenges to the certificate to fill a vacancy substituting Conners, namely, he challenges Hartman's authority under Election Law §§ 6-146 and 6-148 to file a certificate of declination after accepting the designation and, alternatively, he claims that the declination was in any event untimely under Election Law § 6-158 (2).

A candidate of one party will be denied standing to commence a proceeding seeking to invalidate the designation of a candidate of an opposing party where "the underlying challenge is to the internal affairs and/or operating functions of a political party in its designation of candidates . . . rather [than] to a legislatively mandated requirement of the Election Law" (*Matter of Gross v Hoblock*, 6 AD3d 933, 935 [2004]; *see Matter of Wydler v Cristenfeld*, 35 NY2d 719, 720 [1974]; *Matter of Rose v Smith*, 220 AD2d 922, 924 [1995]). Standing has routinely been denied where the challenge is based on the lack of compliance with Election Law § 6-120, which has as its intended purpose the regulation of the internal affairs of a political party (*see Matter of Sullivan v Longo*, 286 AD2d 1002 [2001], *lv denied* 97 NY2d 601 [2001]; *Matter of Koppell v Garcia*, 275 AD2d 587 [2000]).

The challenges at issue in the instant proceeding, however, are not confined to the internal affairs of the Republican Party or the manner or method by which it nominates its candidates (*cf. Matter of Rose v Smith, supra*; *Matter of Stempel v Albany County Bd. of Elections*, 97 AD2d 647 [1983], *affd* 60 NY2d 801 [1983]). Rather, they concern the statutory authorization for filing a certificate of declination after acceptance and the time requirements governing the filing of a certificate of declination. Notably, the failure to comply with the provisions of Election Law §§ 6-146 and 6-148 governing acceptance, declination and filling vacancies (*see Matter of Rhodes v Salerno*, 57 NY2d 885 [1982]; *Matter of Flach v DeBenedictus*, 265 AD2d 670 [1999], *lv denied* 94 NY2d 752 [1999]), as well as the time requirements of Election Law § 6-158 (*see Matter of Tinari v Thury*, 308 AD2d 426 [2003]; *Matter of Stempel v Kinley*, 176 AD2d 1063 [1991]), have been held to constitute fatal defects requiring nullification of the operative certificates. Consequently, we are of the view that such matters are legislatively mandated requirements of the Election Law which "transcend the mere regulation of the

affairs of a political party" (*Matter of Martin v Tutunjian*, 89 AD2d 1034, 1034 [1982]), and that petitioner therefore has standing to maintain this proceeding (*see Matter of Gross v Hoblock, supra* at 936).

Turning to the merits, petitioner argues that Hartman's filing of a certificate of declination after he accepted the nomination was not authorized by the Election Law, particularly Election Law §§ 6-146 and 6-148. Our review of the Election Law, however, does not disclose any provision, including those cited by petitioner, prohibiting a candidate from declining a nomination after acceptance, particularly where, as here, the candidate was a member of the political party which nominated him and, therefore, was not required to file a certificate of acceptance (*see* Election Law § 6-146 [1]). Moreover, the decision in *Matter of Serrano v Cuttita* (147 Misc 2d 1 [1990], *affd* 159 AD2d 330 [1990], *appeal dismissed* 75 NY2d 873 [1990]) lends support to the view that, under the circumstances presented here, Hartman's declination was acceptable. Finally, since there was no reliance by the Republican Party on Hartman's acceptance, we likewise find the doctrine of estoppel inapplicable (*see id.*; *cf. Matter of Coons v Meisser*, 26 AD2d 785 [1966], *affd* 18 NY2d 692 [1966]).

Petitioner further asserts that Hartman did not decline the nomination within the time requirements established by Election Law § 6-158 (2) and, therefore, the certificate to fill a vacancy substituting Conners was a nullity. Based upon the sequence of events here and a "seriatim" reading of the subdivisions of Election Law § 6-158 (*Matter of Cipolla v Golisano*, 84 NY2d 450, 453 [1994]), we disagree. We begin with Election Law § 6-158 (1), which sets forth the deadline for the filing of a designating petition for the primary election. This year, it is undisputed that the deadline was July 15, 2004.

Election Law § 6-158 (2) next provides that "[a] certificate of acceptance or declination of a *designation* shall be filed not later than the fourth day after the last day to file *such designation*" (emphases added). Here, the Republican Party timely filed its designating petition designating Fiozzo as its Senate candidate on July 15, 2004 and Fiozzo had until July 19, 2004 to accept or decline. Clearly, his subsequent declination on July 15, 2004 was timely.

Next, Election Law § 6-158 (3) provides that "[a] certificate to fill a vacancy in a designation caused by declination shall be filed not later than the fourth day after the last day to decline." In other words, Election Law § 6-158 (3) establishes an outside time frame for filling a vacancy due to a declination, which is

eight days after the last day to file the initial designating petition. Thus, here, the Committee had until July 23, 2004 to fill the vacancy caused by Fiozzo's declination. Notwithstanding this deadline, petitioner argues that under Election Law § 6-158 (2) Hartman had only until July 19, 2004 to decline or, at the very latest, July 20, 2004 (four days from his actual acceptance) and that therefore his declination on July 22, 2004 was untimely. We are unpersuaded.

Upon our seriatim reading of the statutory provisions, we interpret the terms "designation" and "such designation" in Election Law § 6-158 (2) as both referring only to the "designating petition" under Election Law § 6-158 (1). In other words, Election Law § 6-158 (2) simply does not apply to Hartman, who declined after being placed on the ballot pursuant to a certificate to fill a vacancy, as opposed to the designating petition itself. In order for petitioner to prevail on his argument that Hartman had only until July 19, 2004 to decline, we would have to apply two different meanings to the same term (designation) in two places in the same statute. Specifically, the language in Election Law § 6-158 (2) would have to be read in the following manner: "[Hartman's] certificate of . . . declination of [his] designation [by a certificate to fill a vacancy] shall be filed not later than the fourth day after the last day to file such designation [by a designating petition, i.e., July 19, 2004]." We will not apply two different meanings to the term designation in this statute, particularly given the use of the modifier "such."*

Alternatively, if we apply Election Law § 6-158 (2) to Hartman (or any other candidate designated by a certificate to fill a vacancy) by giving consistent meaning to the term designation, the statute would have to be read in the following manner: "[Hartman's] certificate of . . . declination of [his] designation [by a certificate to fill a vacancy] shall be filed not later than the fourth day after the last day to file such designation [by a certificate to fill a vacancy]." The last day to file a certificate to fill a vacancy in this case was July 23, 2004 and, thus, four days thereafter was July 27, 2004. Permitting a declination to be filed by this date would violate the time provisions outlined under Election Law § 6-158 (3) which, as noted, only gave the Committee until July 23, 2004 to fill the vacancy.

By interpreting the terms "designation" and "such designation" in Election Law § 6-158 (2) as referring only to the "designating petition" under Election Law § 6-158 (1), we

---

* As the statute does not speak in terms of "actual" dates, petitioner's alternative argument that Hartman only had until July 20, 2004 to decline finds no support in the statute.

conclude that the Committee had until July 23, 2004 to fill the vacancy created by Fiozzo's declination, regardless of how many candidates were substituted in the interim. This interpretation is consistent with the fact that successive declinations are not prohibited, consistent with the principles that the statute be read seriatim, and that the same word should be given the same meaning in the same statute, and furthers the policy favoring participation in the political process by political parties (*see Matter of Cipolla v Golisano*, 84 NY2d 450, 455 [1994], *supra*). Finding no deficiencies rendering the certificate to fill a vacancy substituting Connors invalid, we affirm the order of Supreme Court.

Mercure, J.P., Peters, Spain, Carpinello and Mugglin, JJ., concur. Ordered that the order is affirmed, without costs.

(August 23, 2004)