In a proceeding pursuant to Election Law § 16-102, inter alia, to validate petitions (a) designating Michael N. Niebauer and Pamela J. Rinando as candidates in a primary election to be held on September 14, 2010, for the Independence Party positions of Male Member and Female Member, respectively, of the Independence Party State Committee from the 27th Assembly District, and Delegates to the Eleventh Judicial District Convention from the 27th Assembly District, (b) designating Marsela A. Meraku as a candidate in a primary election to be held on September 14, 2010, for the Independence Party positions of Female Member of the Independence Party State Committee from the 36th Assembly District, and Delegate to the Eleventh Judicial District Convention from the 36th Assembly District, and (c) designating Colin M. Cheung and Grace J. Lim as candidates in a primary election to be held on September 14, 2010, for Independence Party positions of Male Member and Female Member, respectively, of the Independence Party State Committee from the 24th Assembly District, and Delegates to the Eleventh Judicial District Convention from the 24th Assembly District, the petitioners appeal from a final order of the Supreme Court, Queens County (Kerrigan, J.), dated August 9, 2010, which, after a hearing, dismissed the petition.
Ordered that the final order is affirmed, without costs or disbursements.
Section 16-116 of the Election Law requires that a special proceeding brought under article 16 of the Election Law shall be “heard upon a verified petition” (see Matter of Goodman v Hayduk, 45 NY2d 804, 806 [1978]). The requirement is jurisdictional in nature and cannot be cured by amendment (id.; see Matter of Frisa v McCarthy, 298 AD2d 457, 458 [2002]; Matter of Frisa v O’Grady, 297 AD2d 394, 395 [2002]). CPLR 3021 sets forth the form of verification. Since the petition was not verified as mandated by Election Law § 16-116, the Supreme Court properly dismissed the petition (see Matter of Alper v *661 Hayduk, 71 AD2d 935 [1979]; but see Matter of Rose v Smith, 220 AD2d 922 [1995]).
The appellants’ remaining contention is without merit. Skelos, J.P., Covello, Balkin, Austin and Sgroi, JJ., concur.