Matter of Kaufman v Poulos (2018 NY Slip Op 07079)





Matter of Kaufman v Poulos


2018 NY Slip Op 07079


Decided on October 23, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 23, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
ROBERT J. MILLER
COLLEEN D. DUFFY, JJ.


2018-12302
 (Index Nos. 5278/18, 5419/18)

[*1]In the Matter of Richard J. Kaufman, et al., appellants-respondents, 
v
Deborah Poulos, et al., respondents, Theresa Whelan, et al., respondents- appellants. (Proceeding No. 1)
In the Matter of Richard J. Kaufman, et al., appellants-respondents,Deborah Poulos, et al., respondents, Theresa Whelan, et al., respondents- appellants. (Proceeding No. 2)




DECISION & ORDER
In a proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a certificate of substitution filed by the Suffolk County Conservative Party on September 24, 2018, designating Theresa Whelan as the nominee of the Conservative Party for the public office of Judge of the Surrogate's Court, Suffolk County, in a general election to be held on November 6, 2018, and a related proceeding pursuant to Election Law § 16-102, inter alia, to invalidate a second certificate of substitution filed by the Suffolk County Conservative Party on October 9, 2018, also designating Theresa Whelan as the nominee of the Conservative Party for the public office of Judge of the Surrogate's Court, Suffolk County, in a general election to be held on November 6, 2018, the petitioners appeal, and the respondents Theresa Whelan, Frank A. Tinari, and Michael E. Torres cross-appeal, from a final order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated October 19, 2018. The final order denied the first petition as academic, denied the second petition on the merits, and dismissed the proceedings.
ORDERED that the cross appeal is dismissed, without costs or disbursements, as the respondents-appellants are not aggrieved by the final order (see CPLR 5511); and it is further,
ORDERED that the final order is affirmed, without costs or disbursements.
At a primary election on September 13, 2018, Deborah Poulos was elected to be the nominee of the Suffolk County Conservative Party for the public office of Judge of the Surrogate's Court, Suffolk County, in a general election to be held on November 6, 2018. Also on September 13, 2018, a new county committee of the Conservative Party was elected. On September 21, 2018, a convention of the Conservative Party for the Tenth Judicial District was held, at which the delegates named Poulos to be the nominee of the Conservative Party for the public office of Justice of the Supreme Court, Tenth Judicial District.
On September 23, 2018, Poulos executed a certificate of declination in which she [*2]declined the nomination regarding the public office of Judge of the Surrogate's Court, Suffolk County. The petitioners allege that on the same day, a meeting was held of the executive committee of the "old" county committee of the Conservative Party, i.e., the committee that existed prior to the primary of September 13, 2018. At the meeting, that committee nominated Theresa Whelan as its candidate to fill the vacancy caused by Poulos's declination.
On September 24, 2018, three documents were filed with the Suffolk County Board of Elections (hereinafter BOE). The first was a certificate of nomination naming Poulos as the nominee of the Conservative Party for the public office of Justice of the Supreme Court, Tenth Judicial District. The second was Poulos's certificate of declination with respect to the nomination regarding the public office of Judge of the Surrogate's Court, Suffolk County. The third was a certificate of substitution purporting to substitute Whelan for Poulos as the nominee of the Conservative Party for the public office of Judge of the Surrogate's Court, Suffolk County. On October 3, 2018, the petitioners commenced the instant first proceeding, inter alia, to invalidate this certificate of substitution. On October 9, 2018, a second certificate of substitution was filed with the BOE purportedly substituting Whelan for Poulos as the Conservative Party nominee for the public office of Judge of the Surrogate's Court, Suffolk County. On October 11, 2018, the petitioners commenced the instant second proceeding, inter alia, to invalidate the second certificate of substitution. The petitioners now appeal from a final order of the Supreme Court denying the first invalidation petition as academic, denying the second invalidation petition on the merits, and dismissing the two invalidation proceedings.
The only basis that the petitioners allege for invalidating the second certificate of substitution is that it was not timely filed. We agree with the Supreme Court's determination that the second certificate of substitution was timely filed (see generally Matter of Cipolla v Golisano , 84 NY2d 450, 453-454). Election Law § 6-158(8) provides: "A certificate to fill a vacancy caused by a declination of a party nomination for an office to be filled at the time of a general election shall be filed not later than four days after the last day to file such declination, except that if such nomination was made at the primary election, such certificate shall be filed not later than ten days after the last day to file such declination " (emphasis added). Here, it is undisputed that the nomination of Poulos as the nominee of the Conservative Party for the public office of Judge of the Surrogate's Court, Suffolk County, was made at the primary election. Accordingly, the certificate of substitution was required to be filed not later than 10 days after the last day to file a declination. As the petitioners acknowledge, the last day to file a declination was September 27, 2018, or three days after the filing, on September 24, 2018, of the certificate of nomination with respect to the public office of Justice of the Supreme Court, Tenth Judicial District (see Election Law § 6-146[5]). The tenth day after September 27, 2018, was October 8, 2018, which was a public holiday "known as Columbus day" (General Construction Law § 24). Thus, the second certificate of substitution, filed on Tuesday, October 9, was timely (see General Construction Law § 25-a[1]).
Accordingly, we agree with the Supreme Court's determination to deny, on the merits, the petition to invalidate the second certificate of substitution. In light of this determination, we agree with the court's determination to deny, as academic, the petition to invalidate the first certificate of substitution.
In light of our determination, we need not reach the parties' remaining contentions.
SCHEINKMAN, P.J., MASTRO, MILLER and DUFFY, JJ., concur.
ENTER: Aprilanne Agostino Clerk of the Court