■ In the Matter of JAMES B. MARTIN, Appellant, v HENRY J. TUTUNJIAN et al., Constituting the Board of Elections of the County of Rensselaer, et al., Respondents. — Appeal from a judgment of the Supreme Court at. Special Term (Klein, J.), entered September 8, 1982 in Rensselaer County, which dismissed petitioner's application, in a proceeding pursuant to section 16-102 of the Election Law, to declare invalid the designating petition naming respondent Robert M. Conway, Jr., as a Liberal Party candidate for the office of Member of the Troy City Council in the September 23, 1982 primary election. Special Term dismissed the proceeding on the ground petitioner's objections to the designating petition of respondent Conway were not filed within the time prescribed by subdivision 2 of section 6-154 of the Election Law. It is not disputed, however, that petitioner is the Republican Party candidate for the office in question by virtue of his being the only candidate designated for the Republican nomination. Petitioner is therefore an aggrieved candidate and may institute a proceeding to challenge the designating petition without reference to compliance with section 6-154 (Election Law, § 16-102, subd 1; see, e.g., *Matter of Lengley v Erway,* 30 AD2d 711, affd 22 NY2d 781; *Matter of Hunting v Power,* 54 Misc 2d 120, affd 28 AD2d 826, affd 20 NY2d 680; *Matter of Fleishman v Board of Elections of County of Nassau,* 31 Misc 2d 326, 328; see, also, *Matter of Wydler v Cristenfeld,* 35 NY2d 719, 720-721 [Jasen, J., concurring]; 2 Gassman, Election Law, § 124, pp 810, 817). The Court of Appeals determination in *Matter of Wydler v Cristenfeld (supra)* is, in our opinion, distinguishable, since there the proceeding sought to raise the issue of whether the action of a party committee comported with the requirements of the statute dealing with party designations, a provision which, the court noted, "has as its purpose the regulation of the affairs of a political party and is intended to have as its beneficiaries, only members of that political party or one who asserts that he was entitled to the authorization thereunder" *(Matter of Wydler v Cristenfeld, supra,* p 720). Here, however, the designating petition of respondent Conway is challenged on the ground it fails to comply with section 6-132 of the Election Law in that it wholly fails to indicate what office respondent is seeking. Accordingly, the interests involved here transcend the mere regulation of the affairs of a political party and the reasoning of the *Wydler* case is, therefore, inapplicable. Having determined that petitioner may maintain this proceeding, we have no difficulty in concluding that the designating petition in question must be invalidated. The identification in the petition of the public office or party position being sought is a matter of the legislatively mandated content of the petition, i.e., a matter of substance and not of form, and the omission here is therefore fatal (see *Matter of Frome v Board of Elections of Nassau County,* 57 NY2d 741; *Matter of Hutson v Bass,* 54 NY2d 772; *Matter of Denn v Mahoney,* 64 AD2d 1007, 1008). Judgment reversed, on the law, without costs, petition granted, and designating petition declared invalid. Sweeney, J. P., Kane and Levine, JJ., concur.

Weiss, J., dissents and votes to affirm in the following memorandum. Weiss, J. (dissenting). Petitioner is not an enrolled member of the Liberal Party and is therefore not an "aggrieved candidate" within the meaning of subdivision 1 of section 16-102 of the Election Law *(Matter of Menendez v McNab,* 83 AD2d 893, mot for lv to app den 54 NY2d 769; see *Matter of Wydler v Cristenfeld,* 35 NY2d 719).

■ In the Matter of GEORGE H. DUSH, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS, THIRD JUDICIAL DEPARTMENT, Petitioner — Motion by respondent to open default judgment denied, temporary stay vacated and respondent's suspension, pursuant to order entered April 28, 1982, directed to commence September 30, 1982. Mahoney, P. J., Sweeney, Casey, Mikoll and Weiss, JJ., concur.