◼ In the Matter of RUDOLPH V. STEMPEL et al., Respondents, v ALBANY COUNTY BOARD OF ELECTIONS et al., Appellants. (Proceeding No. 1.) In the Matter of JANE H. SPRINGER et al., Respondents, v JOAN M. BYRNE et al., Appellants. (Proceeding No. 2.) — Appeal from a judgment of the Supreme Court at Trial Term (Cholakis, J.), entered October 12, 1983 in Albany County, which granted petitioners' applications, in proceedings pursuant to section 16-102 of the Election Law, to declare invalid the certificates of nomination naming certain respondents as candidates of the Conservative Party for various town offices in the Towns of Berne, Knox, Westerlo, New Scotland (Proceeding No. 1) and Guilderland (Proceeding No. 2) in the November 8, 1983 general election. These two proceedings involve the Conservative Party nominations for town offices in five Albany County townships and have been joined together for purposes of this appeal. They involve the interpretation of a 1982 amendment to section 6-108 of the Election Law (L 1982, ch 352, § 1, eff June 21, 1982) dealing with how parties nominate candidates for town offices in counties with 750,000 or less people, such as Albany County. One part of the amendment mandates that these nominations "shall be made by caucus or primary election as prescribed by the rules of the county committee", while another provision states that, where no provision for nomination exists in the rules of a county committee, nominations "shall be made in accordance with the existing practice in the town". Prior to 1980, the Albany County Conservative Committee had a rule requiring that nominations in towns be made at a caucus. That rule was repealed in 1980 and not replaced with another provision governing town nominations. In 1981, Conservative Party town nominations in Albany County were made by the executive committees of the various town committees. The same method was used this year and was challenged by petitioners, who are Republican Party candidates for these town offices, as being in violation of the 1982 amendment to section 6-108. Trial Term, without

---

discussing the affirmative defense of standing raised by all respondents in their answers, granted the petitions in these proceedings and declared the certificates of nomination involved to be invalid. The court ruled that the language mandating that nominations be made by either caucus or primary election was intended to open up the nominating process and that such purpose would be frustrated if nonconforming existing practices were allowed to continue. The court further found that the language allowing nominations by existing practices where no rule of the county committee governed only applied when the existing practice had been to nominate by caucus or primary election. There must be a reversal. Initially, we believe that petitioners lack standing to bring these proceedings and, in so holding, find that the individual petitioners who are candidates of the Republican Party do not qualify as "aggrieved candidates" within the meaning of section 16-102 of the Election Law. In support of this position, we rely upon *Matter of Menendez v McNab* (83 AD2d 893, mot for lv to app den 54 NY2d 769), *Matter of Hariton v McNab* (83 AD2d 898) and *Matter of Wydler v Cristenfeld* (35 NY2d 719). In *Menendez,* proceedings to invalidate the petitions designating candidates for the Conservative Party primary election for town offices were dismissed because the petitioners were not members of that political party and thus did not qualify under section 16-102 of the Election Law as "aggrieved candidates". In *Hariton,* the court similarly held that a nonenrolled member of the Conservative Party was not an "aggrieved candidate" under the same statute and thus lacked standing to challenge a petition designating that party's candidate. In *Wydler,* cited as support for the decisions by both the *Menendez* and *Hariton* courts, the Court of Appeals held that only members of a political party or one who asserts that he or she was entitled to the designation of that party have standing to contest the action taken by the party. It is undisputed in the instant case that none of the petitioning Republican Party candidates are either enrolled members of the Conservative Party or entitled to the benefit of that party's nomination. Petitioners urge that this court's recent holding in *Matter of Martin v Tutunjian* (89 AD2d 1034) is controlling. That case is, in our view, distinguishable from the instant proceeding. In *Martin,* the validity of a designating petition was challenged for legal insufficiency for failure to comply with the requirements of section 6-132 of the Election Law in that the petition failed to indicate the office being sought. A defect of this nature which deals with the legislatively mandated content of a nominating petition is a matter of substance and not of form. Such a defect is fatal and gives rise to the right of an election opponent to challenge the legality of the designating petition, thus clothing the opponent with the required status as an "aggrieved candidate". Here, the challenge is to the operating function of a political party in its designation of candidates and not to the contents of the basic instrument which the Legislature has required to be in strict conformity with requirements of law. The external influence sought to be imposed upon the operation of another political party in the selection of its candidates is, in our view, beyond the scope of legislative intendment (see *Matter of Wydler v Cristenfeld, supra*). Were we to reach the merits, however, we would declare invalid the certificates of nomination as being in violation of the 1982 amendment to section 6-108 of the Election Law for the reasons stated in the decision rendered at Trial Term. Judgment reversed, on the law, without costs, and petitions dismissed. Sweeney, Casey and Levine, JJ., concur.

Mahoney, P. J., and Weiss, J., concur in the following memorandum by Weiss, J. Weiss, J. (concurring). While we agree with that portion of the majority's decision which concludes that petitioners do not have standing to bring these proceedings, we respectfully disagree with their interpretation of section 6-108 of the Election Law were we to reach the merits. Research fails to

disclose previous decisions concerning the recent amendment to this statute which became effective June 21, 1982. Since the majority has adopted the reasoning of the decision at Trial Term, our difference of opinion is with that learned Justice who, while acknowledging the existence of an ambiguity in the statute, has perceived that the Legislature established only two methods of nominating candidates, i.e., by party caucus or primary election. We are unable to conclude that the last sentence of subdivision 1 of section 6-108 of the Election Law has no significant and specific intendment. Concededly, nominations by either caucus or primary election "as prescribed by the rules of the county committee" (*id.*) are not only preferable, but are specified methods for such action. However, the words "If the rules of a county committee do not provide for a method of nomination, all such nominations *shall be made in accordance with the existing practice in the town*" (emphasis added) must be given their plain meaning. We fail to discern any innuendo, double entendre or hidden inferences in these rather simple and uncomplicated words which we interpret to mean that, absent an express selection by a county committee of nomination by either caucus or primary election, nominations shall be made through the existing practice in the town. We abstain from engrafting upon the words of the Legislature, preferring instead to adhere to the long-accepted guideline: " '[i]t remains a basic principle of statutory construction that a court will "not by implication read into a clause of a rule or statute a limitation for which * * * no sound reason [can be found] and which would render the clause futile" ' " (*Kurcsics v Merchants Mut. Ins. Co.*, 49 NY2d 451, 458, citing *Matter of Industrial Comr. v Five Corners Tavern*, 47 NY2d 639, 646-647). Trial Term has construed this sentence to mean that the existing practice can excuse a county committee's inaction only if that existing practice has been to nominate by either caucus or primary election. This interpretation "would render the clause futile" (*Kurcsics v Merchants Mut. Ins. Co., supra*), which we respectfully decline to do.