■ In the Matter of LEWIS R. FRIEDMAN, Appellant-Respondent, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent, and GERALD SABATH et al., Respondents-Respondents-Appellants. In the Matter of LEWIS R. FRIEDMAN, Appellant-Respondent, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent, and GERALD SABATH et al., Respondents-Respondents-Appellants. In the Matter of ANGELA MAZZARELLI, Respondent-Appellant, v BOARD OF ELECTIONS IN THE CITY OF NEW YORK, Respondent, and LEWIS R. FRIEDMAN, Respondent-Appellant-Respondent.—Judgments of the Supreme Court, New York County (Blyn, J.), entered August 20, 1985, declaring invalid the Liberal and Republican Party designations of appellant Friedman for the public office of Judge of the Civil Court of the City of New York for the

Ninth Municipal Court District, Manhattan, directing the Board of Elections to strike his name from the Liberal and Republican ballots for that office and further directing that the Board of Elections provide an opportunity for a write-in primary for that office in the Liberal and Republican Party primaries to be conducted on September 10, 1985, are unanimously reversed on the law, without costs, and the name of Lewis R. Friedman is to be restored on the Republican and Liberal Party ballots for the office of Judge of the Civil Court of the City of New York for the Ninth Municipal Court District, Manhattan.

Respondent Mazzarelli, a Democratic Party candidate for the office of Judge of the Civil Court of the City of New York for the Ninth Municipal Court District, Manhattan, challenges the Republican Party designating petition filed for the same public office on behalf of Republican candidate Lewis Friedman. Friedman's Liberal Party designating petition has likewise been challenged, but, by two registered Democratic Party voters, Diane Staab and Gerald Sabath. In both challenges appellant concedes the insufficiency of the number of required valid signatures, but contends that these respondents lack standing to object to his designating petitions, thereby requiring dismissal of their challenges and his reinstatement on the ballots.

We are in accord with the Second and Third Departments' holdings that petitioners who are candidates of a party different from the one whose candidate they seek to challenge do not qualify as "aggrieved candidate[s]" under Election Law § 16-102 and therefore have no standing to contest the designating petition of another party's candidate. (*Matter of Stempel v Albany County Bd. of Elections,* 97 AD2d 647, 648 [3d Dept]; *Matter of Menendez v McNab,* 83 AD2d 893, 894 [2d Dept].) While we note that the Third Department does, however, permit a challenge from another party's candidate when the defect of the designating petition "deals with the legislatively mandated content of a nominating petition" (*Matter of Stempel v Albany County Bd. of Elections, supra,* p 648), we need not address that issue here, since the instant petition appeared on its face to be in proper form, with the requisite number of signatures and was entitled to the presumption of validity provided by Election Law § 6-154 (1).

Accordingly, Friedman's name should be restored as the Republican Party's nominee for office of Judge of the Civil Court of the City of New York for the Ninth Municipal Court District, Manhattan.

We are also compelled to conclude that Staab and Sabath, who are registered Democrats, likewise lack standing to challenge Friedman's designating petition on the Liberal Party ballot. Election Law § 6-154 (2) permits only voters "registered to vote for such public office" to submit written objections to a designating petition. As applied to a primary election under New York rules, we interpret this statute as only permitting registered Liberals, who are entitled to vote at the Liberal Party primary, to challenge a Liberal Party designating petition. Democrats Staab and Sabath are ineligible to vote at the Liberal Party primary and therefore lack standing under Election Law § 6-154 (2) to challenge the Liberal Party designating petition. Accordingly, Friedman's name must be restored on the Liberal Party ballot. Concur—Carro, J. P., Bloom, Fein and Rosenberger, JJ.