■ In the Matter of GERALD H. LIEPSHUTZ, Respondent, v LAWRENCE PALMATEER, JR., et al., Constituting the Greene County Board of Elections, et al., Appellants.—Per Curiam. Appeal from an order of the Supreme Court at Special Term (Williams, J.), entered August 15, 1985 in Greene County,

which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent James Battisti as the Conservative candidate for the office of County Judge of Greene County in the September 10, 1985 primary election.

The sole issue on this appeal is whether petitioner, a candidate for the nomination of the Democratic Party for the office of County Judge of Greene County, has standing as an aggrieved candidate within the meaning of Election Law § 16-102 to challenge a petition purportedly designating respondent James Battisti (hereinafter respondent) as a candidate for the nomination of the Conservative Party for that office, where the challenge is based upon the alleged failure of the designating petition to comply with the requirements of the Election Law. Special Term held that petitioner had standing as an aggrieved candidate. We affirm.

Relying upon *Matter of Stempel v Albany County Bd. of Elections* (60 NY2d 801, *affg* 97 AD2d 647) and *Matter of Wydler v Cristenfeld* (35 NY2d 719), respondent contends that since petitioner is not a member of the political party whose designating petition he seeks to challenge, he is not an aggrieved candidate within the meaning of Election Law § 16-102. In *Matter of Martin v Tutunjian* (89 AD2d 1034), this court held that a petitioner who was a candidate for an office had standing to challenge another candidate's designating petition for that office on the basis of alleged noncompliance with the requirements of the Election Law even though the petitioner was not a member of the party whose designating petition he sought to challenge. The Court of Appeals decision in *Wydler* was distinguished upon the ground that the challenge therein was based upon alleged infirmities relating to the internal affairs of a political party, rather than failure to comply with the legislative mandates of the Election Law. This court reiterated this distinction in *Matter of Stempel v Albany County Bd. of Elections* (97 AD2d 647, 648, *affd* 60 NY2d 801, *supra*), holding that petitioners lacked standing to object to a designating petition of a party of which they were not members where the challenge was "to the operating function of a political party in its designation of candidates and not to the contents of the basic instrument which the Legislature has required to be in strict conformity with requirements of law". Contrary to respondent's claim, we do not find the Court of Appeals terse memorandum of affirmance in *Stempel* an implicit disapproval of the distinction recognized by this court in *Matter of Martin v Tutunjian* (*supra*). The

objections herein, as in *Martin*, deal with the legislatively mandated content of the designating petition and not the internal affairs of a political party. Special Term, therefore, properly concluded that petitioner had standing as an aggrieved candidate.

Order affirmed, without costs. Mahoney, P. J., Kane, Casey, Weiss and Levine, JJ., concur.