OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be modified, without costs, by dismissing the petition insofar as it sought to invalidate the designating petitions of candidates for the party positions of delegate and alternate delegate to the 7th District Judicial Convention.
Petitioners are objecting nonparty voters. They brought this proceeding pursuant to Election Law § 16-102 to invalidate *974 petitions jointly designating candidates of the Republican Party for nomination to various countywide public offices in Livingston County and also for the party positions of delegate and alternate delegate to the Convention for the 7th Judicial District. Special Term dismissed the petition for failure to join the election commissioners as necessary parties. On appeal the Appellate Division modified to grant the petitions. It found that petitioners had standing to challenge the petitions of candidates designated for public office and that they also had standing to challenge the designations for party offices inasmuch as the designations in the joint petitions were “inextricably interwoven” and that the objections to the petitions related to and affected all of the candidates, citing Matter of McGoey v Black (100 AD2d 635, 636). It granted petitioners leave to join the Commissioners of Election as necessary parties and, on the merits, invalidated the petitions because of overstatement by 98 the number of signatures on the cover sheet which erroneously stated that the petitions contained 2,021 signatures when in fact they contained only 1,923.* This overstatement cannot be said to be inconsequential (see, Matter of Staber v Fidler, 65 NY2d 529).
The general rule is that nonparty voters are aggrieved parties who may challenge designating petitions of candidates for public offices for a failure to follow the statutory requirements (see, Matter of Langley v Erway, 30 AD2d 711, affd 22 NY2d 781; Matter of Martin v Tutunjian, 89 AD2d 1034). They generally are not aggrieved parties entitled to challenge candidates for party offices or candidates designated as a result of a failure to follow party rules (see, Election Law § 6-154 [2]; Matter of Bennett v Justin, 51 NY2d 722; Matter of Stempel v Albany County Bd. of Elections, 97 AD2d 647, 648, affd 60 NY2d 801; Matter of Wydler v Cristenfeld, 35 NY2d 719; compare, Matter of Liepshutz v Palmateer, 112 AD2d_, affd 65 NY2d 963). Thus, petitioners had no standing to challenge the designations for the party positions of delegate and alternate delegate to the Judicial Convention and this was so notwithstanding the fact that the petitions for those party offices were joined with the petitions for various public offices (Matter of Amalfitano v Sadowski, 51 NY2d 719).
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye, Alexander and Titone concur.
*975 Order modified, without costs, in accordance with the memorandum herein, and, as so modified, affirmed.

 We take judicial notice that the population of Livingston County is less than 250,000 and, therefore, the statute requires 500 signatures to nominate (Election Law § 6-136 [2] [f]).