■ In the Matter of DOUGLAS A. McHOUL, Respondent, v ROBERT A. SELLICK, JR., et al., Appellants.—In a proceeding, *inter alia,* to invalidate a certificate of authorization designating Robert A. Sellick, Jr., as a Democratic Party candidate for the public office of Member of the Dutchess County Legislature, District No. 20, the appeal is from a judgment of the Supreme Court, Dutchess County (Beisner, J.), entered August 15, 1989, which granted the application.

Ordered that the judgment is affirmed, without costs or disbursements.

The trial court correctly determined that the petitioner had standing to bring this proceeding. The Court of Appeals has recently observed that nonparty voters are aggrieved parties and may maintain judicial proceedings to challenge candidates for failure to follow statutory procedures, as is alleged herein *(see, Scoville v Cicoria,* 65 NY2d 972, 974; *Matter of Nowik v Jablonski,* 133 AD2d 874; *Matter of Martin v Tutunjian,* 89 AD2d 1034). The Court of Appeals has also determined that a candidate is an "aggrieved candidate" even if not a member of the party whose designation is challenged *(see, Matter of Liepshutz v Palmateer,* 65 NY2d 963, *affg* 112 AD2d 1098).

The issue of the timeliness of the filing of the petitioner's objection and specifications was not asserted as an affirmative defense in the answer. Such a failure results in a waiver of that defense *(see,* CPLR 3211 [a] [5]; [e]; *Dougherty v City of Rye,* 63 NY2d 989). In any event, the objection and specifications were timely filed. The plain language of Election Law § 6-154 (2) provides that an objection as to "any certificate of designation or nomination or to a nominating * * * petition * * * shall be filed * * * within three days after the filing of the petition or certificate to which objection is made" and "specifications of the grounds of the objections shall be filed

within six days thereafter". The designating petitions were filed on July 13, 1989. The petitioner's general objection was filed July 17, 1989, and the specifications were filed on July 24, 1989.

In computing the time for filing the objection, the day from which the time is reckoned is excluded from the reckoning *(see,* General Construction Law § 20). The last day of each period therefore fell on a Sunday (July 16 and July 23), which similarly was to be excluded from the reckoning *(see,* General Construction Law § 20). Accordingly, both the objection and the specifications were timely filed on the following Monday.

As there has been no compliance with the statutory requirements for the opportunity to ballot *(see,* Election Law §§ 6-154, 6-166), the appellants' request for that form of alternate relief was properly denied. Kunzeman, J. P., Eiber, Spatt, Harwood and Balletta, JJ., concur.