■ In the Matter of SHEILA STEWARD, Respondent, v VITO FOSSELLA et al., Respondents, and CHERYL BULEY et al., Appellants. [663 NYS2d 634] —In a proceeding, *inter alia,* pursuant to Election Law § 16-102 to invalidate a certificate nominating Vito Fossella as the candidate of the Freedom Party for the public office of Representative in Congress from the 13th Congressional District in the general election to be held on November 4, 1997, the appeal is from an order of the Supreme Court, Kings County (Garry, J.), entered October 20, 1997, which granted the petition.

Ordered that the order is affirmed, without costs or disbursements.

The Supreme Court correctly invalidated the certificate nominating Vito Fossella as the candidate of the Freedom Party for the public office of Representative in Congress for the 13th Congressional District. The certificate was signed by Cheryl Buley as the chairwoman of the Freedom Party. Pursuant to Freedom Party rules, Buley was authorized to nominate candidates for public office until such time as the party elected

a State committee (see, Election Law §§ 2-106, 2-108). It is uncontroverted, however, that the Freedom Party did not elect a State committee after it achieved party status under its former name, "Tax Cut Now" (see, Election Law § 1-104 [3]; §§ 2-106, 2-108, 2-112). Although it is well settled that "absent inconsistent statutory directives, the duly adopted rules of a political party should be given effect" (Matter of Kahler v McNab, 48 NY2d 625, 626), the Freedom Party rules in this particular regard are inconsistent with the Election Law.

Under the circumstances of this case Fossella could have been nominated by the Freedom Party only upon a majority vote of a "committee chosen, in accordance with the provisions of [the Election Law], to represent the members of a party in any political unit" (Election Law § 1-104 [6]; § 6-116), "mean-[ing] the state or any political subdivision thereof or therein" (Election Law § 1-104 [1]). Since such a committee was not timely organized, the nomination of Fossella was ineffective.

Counsel for the petitioner conceded at oral argument that the Freedom Party is not defunct. Once the Freedom Party elects a proper State committee, it will necessarily have to "meet and organize", and file the proper documents (Election Law § 2-112 [1]; § 2-114), enabling it to then go about the normal business of a functioning political party in all respects.

The remaining contentions are without merit. Altman, J. P., Friedmann, Krausman and McGinity, JJ., concur.