(August 25, 2000)

■ In the Matter of LORRAINE C. KOPPELL, Respondent, v HIPOLITO GARCIA et al., Appellants. (And 10 Other Related Proceedings.) [712 NYS2d 697] —Per Curiam. Appeal from an order of the Supreme Court (Keegan, J.), entered August 15, 2000 in Albany County, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to validate the designating petition naming petitioner as the Green Party candidate for the office of State Senator from the 34th Senatorial District in the September 12, 2000 primary election.

In the seven proceedings to invalidate designating petitions of the Green Party and/or Working Families Party commenced by candidates who are not members of those parties, we agree

with Supreme Court that dismissal is required for lack of standing. In contrast to *Matter of Martin v Tutunjian* (89 AD2d 1034), upon which the seven petitioners rely, the designating petitions in these dismissed proceedings are not alleged to be lacking in the substantive content required by the Election Law. Rather, the proceedings are based upon the alleged lack of compliance with Election Law § 6-120 and other provisions of the Election Law which have as their intended purpose the regulation of the internal affairs of a political party. It is of no interest to nonparty members that these formalities allegedly have not been followed, particularly in the absence of any claim that the authorizations issued pursuant to Election Law § 6-120 (3) did not represent the will of the issuing party committee (*see, Matter of Wydler v Cristenfeld*, 35 NY2d 719, 720). In these circumstances, the candidates who are not members of the Green Party or Working Families Party lack standing to challenge the designating petitions of those parties (*see, Matter of Stempel v Albany County Bd. of Elections*, 97 AD2d 647, 648, *affd* 60 NY2d 801; *compare, Matter of Wydler v Cristenfeld, supra*; *Matter of Cane v Mahoney*, 40 NY2d 819, *with Matter of Liepshutz v Palmateer*, 112 AD2d 1098, *affd* 65 NY2d 963).

Turning to the merits of the remaining proceedings, we agree with Supreme Court that the holding in *Matter of Steward v Fossella* (243 AD2d 715, *lv denied* 91 NY2d 807) is not applicable. In the *Steward* case (*supra*), a nomination was made by a party chairperson's certificate of nomination in the third year of the party's existence when the Election Law required nomination by a party committee. The remaining cases herein involve the validity of Wilson-Pakula certificates of authorization, which are required for the designation of candidates who are not enrolled members of the party (*see,* Election Law § 6-120). Election Law § 6-120 (3) requires that Wilson-Pakula certificates be issued by a committee, which by definition must be organized in accordance with the Election Law (*see,* Election Law § 1-104 [6]). The party rules may specify the committee that is to issue the certificates (*see,* Election Law § 6-120 [3]) and the certificates herein were issued by interim committees which were formed pursuant to party rules, as permitted by the Election Law (*see,* Election Law §§ 2-108, 2-110 [1]). In addition, the candidates were designated by petition as authorized by Election Law § 6-118. Accordingly, the deficiency present in the *Steward* case is not present in the remaining proceedings herein.

The parties who challenge the designating petitions in the

remaining proceedings argue that the Green Party and Working Families Party, which achieved party status in 1998 (*see*, Election Law § 1-104 [3]), were required to elect State committees at the 1999 primary and that, therefore, the interim committees lacked the authority to act thereafter. Election Law § 6-128, cited in support of this argument, concerns the manner in which a new party nominates candidates in its first year; the statute does not govern party organization, which is governed by Election Law article 2. Election Law § 2-108, which authorizes a new party to form interim State and county committees in accordance with the party's rules, does not explicitly impose a one-year time limit on the authority of interim committees and there is no other provision of the Election Law which expressly requires the election of a State committee in the first year of a new party's existence. According Election Law article 2 the reasonable construction intended by the Legislature, we conclude that the election of a new party's State committee is not required before the primary of the party's second year of existence, when changes of enrollment to the new party are first effective.

The remaining issues raised by the parties are either lacking in merit or need not be addressed in light of the foregoing conclusions.

Crew III, J. P., Peters, Carpinello, Rose and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.