357 F.3d 260
 ARBOR HILL CONCERNED CITIZENS NEIGHBORHOOD ASSOCIATION, Aaron Mair, Maryam Mair, Mildred Chang and Albany County Branch of the National Association for the Advancement of Colored People, Plaintiffs-Appellants-Cross-Appellees,
v.
COUNTY OF ALBANY and ALBANY COUNTY BOARD OF ELECTIONS, Defendants-Appellees.
Albany County Republican Committee and Republican Caucus of the Albany County Legislature, Intervenors-Cross-Appellants.
Christopher Earl STRUNK, Movant.
 Docket No. 03-9132(L).
 Docket No. 03-9204.
 United States Court of Appeals, Second Circuit.
 Argued: January 28, 2004.
 Decided: January 28, 2004.
 
 Mitchell A. Karlan, New York, New York (Gibson, Dunn & Crutcher, New York, New York, Derohannesian & Derohannesian, Albany, New York, Lawyers Committee for Civil Rights Under Law, Washington, D.C., on the brief), for Plaintiffs-Appellants-Cross-Appellees.
 Michael C. Lynch, Albany County Attorney, Albany, New York, for Defendant-Appellees.
 Thomas Marcelle, Delmar, New York, for Intervenor-Cross-Appellants.
 Before: NEWMAN, KEARSE, and CALABRESI, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiffs Arbor Hill Concerned Citizens Neighborhood Association et al. appeal from so much of an October 22, 2003 order of the United States District Court for the Northern District of New York, Norman A. Mordue, Judge, as refused to order a special election to remedy violations of the Voting Rights Act of 1965 ("VRA"), 42 U.S.C. § 1973, with respect to the districting for elections to the Albany County Legislature ("Legislature"). For the reasons that follow, we reverse and remand, with instructions that a special primary election for the Legislature be held on March 2, 2004, in coordination with the national primary elections scheduled to be held on that date, and that a special general election for the Legislature be held expeditiously thereafter in accordance with a date or deadline to be set by the district court.
 
 
 2
 Plaintiffs commenced the present action in April 2003, alleging that the then-current legislative redistricting plan adopted by defendant Albany County ("County") violated § 2 of the VRA. Plaintiffs sought a preliminary injunction prohibiting the County and its Board of Elections from conducting elections for the Legislature until a new redistricting plan was adopted that did not violate the VRA or the Constitution. Following proceedings before a magistrate judge, the district court issued an order stating, inter alia, that
 
 
 3
 defendants are enjoined from conducting the scheduled [November] 2003 election of Albany County legislators pending adoption by the legislature of a new redistricting plan which creates a fourth majority/minority district determined to be compliant with the Voting Rights Act....
 
 
 4
 Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 281 F.Supp.2d 436, 456 (N.D.N.Y. 2003) ("Arbor Hill I").
 
 
 5
 The Arbor Hill I order provided for further proceedings before the magistrate judge with respect to the submission and evaluation of revised redistricting plans. Id. at 457. Thereafter, the parties submitted such plans, and the district court, in an order dated October 22, 2003, accepted the recommendation of the magistrate judge that the redistricting plan submitted by the County be accepted as compliant with the VRA. See Arbor Hill Concerned Citizens Neighborhood Association v. County of Albany, 289 F.Supp. 2d 269, 276 (N.D.N.Y. 2003) ("Arbor Hill II"). The district court also dissolved so much of the preliminary injunction as forbade the County to conduct elections for the Legislature; however, it was by this time too late for the new redistricting plan to be implemented in time for the normal November elections.
 
 
 6
 Plaintiffs, the County, and intervenors Albany County Republican Committee et al., noting that the County itself did not have the power to schedule a special election, urged the district court to order the county to hold a special election for the Legislature. The district court refused, indicating that it lacked the power to do so. See id. at 276 ("If the County does not have the power to authorize a special election why would this Court have such authority?"). Although noting that the prior redistricting plan had "flagrantly violated the rights of minority voters," id., the court stated that
 
 
 7
 [t]his Court's obligation was to review the original objectionable redistricting plan, identify a violation of the Voting Rights Act, if any, and direct its remediation. This the Court has done. That voters in Albany County may not have the opportunity to elect new legislators based on the remedial redistricting plan approved herein by the Court while a regrettable occurrence, is neither the fault of this Court nor the concern of federal courts in general.
 
 
 8
 Id. at 276. We disagree.
 
 
 9
 When the court has determined that there has been a VRA violation, it has the power to, and normally should, order that remedial steps be taken. The scope of federal courts' power to remedy apportionment violations is defined by principles of equity. See generally Reynolds v. Sims, 377 U.S. 533, 585, 84 S.Ct. 1362, 12 L.Ed.2d 506 (1964). It is within the scope of those equity powers to order a governmental body to hold special elections to redress violations of the VRA. See, e.g., Goosby v. Town Board of the Town of Hempstead, 180 F.3d 476, 498 (2d Cir. 1999) (affirming district court's "order that provides for the district court to establish a schedule for a special election"); Bridgeport Coalition for Fair Representation v. City of Bridgeport, 26 F.3d 271, 278 (2d Cir.1994) (directing district court to set deadlines for city to adopt new city counsel districting plan, "conduct a primary election of town committee members in the new districts, and ... conduct a general election to elect new City Council members following the nomination of candidates"). See also Marks v. Stinson, 19 F.3d 873, 889-90 (3d Cir.1994) (directing district court to assess concluded state election for constitutional violation and stating that "it will have authority to order a special election"); Armstrong v. Adams, 869 F.2d 410, 414 (8th Cir.1989) (upholding settlement of VRA and constitutional claims including order of new election despite commissioners' lack of authority under state law); Griffin v. Burns, 570 F.2d 1065, 1079 (1st Cir.1978) (upholding district court's order of new primary election following state courts' due-process-violative decision to discard absentee ballots); Bell v. Southwell, 376 F.2d 659, 665 (5th Cir.1967) (district court has power to void and order new elections for violations of VRA and Constitution).
 
 
 10
 Accordingly, we reverse so much of the Arbor Hill II decision as denied the parties' request that the court order a special election for Legislature using the approved, revised redistricting plan. In light of the facts that the County indicated in the district court that such an election could be held on an expedited basis, and in light of the fact that national primary elections are scheduled to be held in New York on March 2, 2004, we order (1) that a special primary election for Albany County Legislature be held on March 2, 2004, in coordination with those national primary elections, and (2) that expeditiously thereafter, a special general election for Albany County Legislature be held in accordance with a date to be set by the district court.
 
 
 11
 We have considered all of appellees' contentions on this appeal and have found them to be without merit. The October 22, 2003 order of the district court is reversed to the extent that it refused to order special elections, and the matter is remanded to the district court for further proceedings consistent with this opinion.
 
 
 12
 The mandate shall issue forthwith.