(April 20, 2004)

■ In the Matter of Richard A. Gross, Respondent, v William M. Hoblock et al., Appellants, and Albany County Board of Elections, Respondent, et al., Respondent. [775 NYS2d 421]—

Per Curiam. Appeal from an order of the Supreme Court (Cannizzaro, J.), entered March 18, 2004 in Albany County, which granted petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the designating petition naming respondent William M. Hoblock as the Conservative Party candidate for the office of Albany County Legislator for the 26th Legislative District in the April 27, 2004 special general election.

In July 2003, respondent John M. Curley Sr., a registered member of the Conservative Party, circulated a petition designating him as a candidate for nomination for the office of Albany County Legislator for the 26th Legislative District at the then-scheduled Conservative Party primary. Thereafter, in August 2003, the United States District Court for the Northern District of New York held that the then-existing Albany County legislative redistricting plan violated federal law and enjoined the County from proceeding with the 2003 election for the Albany County Legislature pending adoption of a new and compliant redistricting plan (*Arbor Hill Concerned Citizens Neighborhood Assn. v County of Albany*, 281 F Supp 2d 436, 457 [2003]). A revised redistricting plan subsequently was approved by District Court (*Arbor Hill Concerned Citizens Neighborhood Assn. v County of Albany*, 289 F Supp 2d 269 [2003]), and the Second Circuit Court of Appeals then ordered that special primary and general elections be held using such plan (*Arbor Hill Concerned Citizens Neighborhood Assn. v County of Albany*, 357 F3d 260, 263 [2004]). Following the Court of Appeals' mandate, District Court established an "expedited" schedule for filings to be made in advance of the special election (*Arbor Hill Concerned Citizens Neighborhood Assn. v County of Albany*, US Dist Ct, ND NY, Mordue, J., 03 Civ 502, Feb. 2, 2004).

In the interim, Curley declined the designation for the office of Albany County Legislator for the 26th Legislative District and, on or about February 7, 2004, respondent William M. Hoblock (hereinafter respondent), an enrolled Republican, circulated a Conservative Party designating petition for that office. The Executive Committee of the Conservative Party there-

after duly voted to authorize the nonparty candidacy of respondent and three others and, on February 9, 2004, a certificate of substitution, together with respondent's certificate of acceptance and designating petition, were filed with respondent Albany County Board of Elections. Although the Executive Committee filed Wilson-Pakula authorizations (*see* Election Law § 6-120) on behalf the three other nonparty candidates, no such authorization was filed on behalf of respondent.

Petitioner, the Democratic Party candidate in the 26th Legislative District, thereafter commenced the instant proceeding challenging respondent's designation on the Conservative Party line. Supreme Court, finding the failure to file a Wilson-Pakula authorization on behalf of respondent to be a fatal defect, declared respondent's designating petition null and void. This appeal ensued.

We affirm. Although respondent initially conceded that petitioner "ha[d] standing to object to the non-filing of the Wilson-Pakula" authorization, he now contends before this Court that petitioner is not an "aggrieved candidate" within the meaning of Election Law § 16-102 (1). We cannot agree. To be sure, this Court previously has held that a candidate of one party has no standing to challenge the designating petition of another party's candidate where such challenge is founded upon a lack of compliance with Election Law § 6-120 (*see Matter of Koppell v Garcia*, 275 AD2d 587 [2000]; *Matter of Krupczak v Mancini*, 133 AD2d 288 [1987]; *Matter of Bennett v Justin*, 77 AD2d 960 [1980], *affd* 51 NY2d 722 [1980]; *see also Matter of Sullivan v Longo*, 286 AD2d 1002 [4th Dept 2001], *lv denied* 97 NY2d 601 [2001]; *Matter of Swarts v Mahoney*, 123 AD2d 520 [4th Dept 1986], *lv denied* 68 NY2d 605 [1986]). A careful review of these and other cases, however, reveals that the standing issue ultimately turns upon whether the underlying challenge is to the internal affairs and/or operating functions of a political party in its designation of candidates or, rather, to a legislatively mandated requirement of the Election Law (*see Matter of Stempel v Albany County Bd. of Elections*, 97 AD2d 647, 648 [1983], *affd* 60 NY2d 801 [1983]). Thus, where the challenge is directed to the manner in or methods by which a given party committee votes on or designates a particular candidate, a nonparty candidate will not be deemed aggrieved, as he or she has no interest in whether the formalities of that process have been followed (*see e.g. Matter of Koppell v Garcia, supra; Matter of Swarts v Mahoney, supra*). Where, however, the challenge is to a legislatively mandated requirement of the Election Law, such as the content of a designating petition (*see Matter of Cic-*

*cotti v Havel*, 186 AD2d 979 [1992], *lv denied* 80 NY2d 754 [1992]; *Matter of Liepshutz v Palmateer*, 112 AD2d 1098 [1985], *affd* 65 NY2d 963 [1985]), "the interests involved . . . transcend the mere regulation of the affairs of a political party" (*Matter of Martin v Tutunjian*, 89 AD2d 1034, 1034 [1982]) and standing will lie. Inasmuch as the failure to file a Wilson-Pakula authorization "constitutes a fatal defect rather than a mere technicality" (*Matter of Maurer v Monescalchi*, 264 AD2d 542, 543 [1999], *lv denied* 93 NY2d 816 [1999]; *see Matter of Cosgrove v Sunderland*, 253 AD2d 504 [1998]) and, hence, represents a challenge to a legislative mandate of the Election Law, we are satisfied that petitioner has standing.

Turning to the merits, Election Law § 6-120 (3) unequivocally requires that a certificate of authorization of a nonparty candidate be filed with the Board of Elections. Contrary to respondent's assertion, there simply is nothing in the terms of District Court's order that in any way overrides, supersedes, waives or abrogates this requirement. Although such order indeed set forth various timetables for the filing of, inter alia, a candidate's acceptance of a designation, the fact that the timetable for the filing of the Wilson-Pakula authorization was not specifically referenced in no way evidences any intent or attempt on the part of District Court to vitiate compliance with this statutory mandate. As noted previously, the failure to file such authorization is a fatal defect (*see Matter of Maurer v Monescalchi, supra*; *Matter of Cosgrove v Sunderland, supra*) and, accordingly, Supreme Court quite properly found respondent's designation to be invalid. The remaining contentions, to the extent not specifically addressed, have been examined and found to be lacking in merit.

Mercure, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the order is affirmed, without costs.