■ In the Matter of Francis A. Nicolai et al., Appellants, v Neil W. Kelleher et al., as Commissioners of the New York State Board of Elections, et al., Respondents, and Rory J. Bellantoni et al., Respondents. [844 NYS2d 504]—

---

Per Curiam. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered October 25, 2007 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondents Rory J. Bellantoni, William Sherwood and Elaine Slobod as the Conservative Party candidates for the public office of Justice of the Supreme Court for the 9th Judicial District in the November 6, 2007 general election.

Following a judicial nominating convention held on September 26, 2007 by the Conservative Party, a certificate of nomination naming respondents Rory J. Bellantoni, William Sherwood and Elaine Slobod as the Conservative Party candidates for the public office of Justice of the Supreme Court for the 9th Judicial District was filed with the State Board of Elections. This proceeding pursuant to Election Law § 16-102 was, in turn, commenced by petitioner Francis A. Nicolai, a Democratic Party candidate for the same office, and petitioners Eleanor M. McDonald and James Maxwell, enrolled members of the Conservative Party and delegates to the judicial convention, seeking to invalidate the certificate of nomination. In addition to the candidates nominated, petitioners named as respondents the individual Commissioners of the Board and the chair and secretary of the convention. Following service of an answer by the Board respondents, the remaining respondents moved to dismiss the proceeding on a number of grounds. Supreme Court granted the motion, prompting this appeal by petitioners.

We now affirm on the ground that petitioners lack standing to bring this proceeding. Pursuant to Election Law § 16-102 (1), one has standing to challenge the nomination of any candidate for any public office if that individual is an "aggrieved candidate, . . . the chair[ ] of any party committee or . . . a person who shall have filed objections." We first address Nicolai,

who asserts standing as an "aggrieved candidate." As a nonparty candidate for nomination, to qualify as an "aggrieved candidate" with standing to challenge actions taken by the Conservative Party, it was incumbent upon Nicolai to demonstrate that he "was entitled to the authorization of that party for designation as its candidate" (*Matter of Cane v Mahoney*, 40 NY2d 819, 820 [1976]; *see Matter of Wydler v Cristenfeld*, 35 NY2d 719, 720 [1974]; *Matter of Stempel v Albany County Bd. of Elections*, 97 AD2d 647, 648 [1983], *affd* 60 NY2d 801 [1983]). Here, although Nicolai is seeking election to the same office as the respondent candidates nominated by the Conservative Party and was a candidate seeking nomination by the Conservative Party, he does not claim or demonstrate entitlement to the Conservative Party's nomination or contend that he would have received it were it not for alleged irregularities in the judicial nominating convention (*cf. Matter of Rowles v Orsini*, 309 AD2d 1307 [2003]; *Nemoyer v New York State Bd. of Elections*, 125 Misc 2d 1054 [1984], *affd on op below* 105 AD2d 488 [1984], *lv denied* 63 NY2d 608 [1984]).

Indeed, ordinarily, a candidate of one party has no standing to challenge the internal affairs and operating functions of another political party in its designation of candidates (*see Matter of Gross v Hoblock*, 6 AD3d 933, 935 [2004]; *Matter of Koppell v Garcia*, 275 AD2d 587, 587 [2000]; *Matter of Rose v Smith*, 220 AD2d 922, 924 [1995]; *Matter of Krupczak v Mancini*, 133 AD2d 288, 288 [1987]). "Thus, where the challenge is directed to the manner in or methods by which a given party committee votes on or designates a particular candidate, a nonparty candidate will not be deemed aggrieved, as he or she has no interest in whether the formalities of that process have been followed" (*Matter of Gross v Hoblock*, 6 AD3d at 935 [citations omitted]). Even where noncompliance with specific provisions of the Election Law is alleged, a nonparty candidate will not have standing to assert such violations if the intended purpose of those statutes is "the regulation of the internal affairs of a political party" (*Matter of Koppell v Garcia*, 275 AD2d at 588 [nonparty candidate lacks standing to challenge alleged violations of Election Law § 6-120]).

Nicolai nevertheless asserts standing under an exception to this rule; standing as an aggrieved party will lie where the nonparty candidate challenges a legislatively mandated requirement of the Election Law of a magnitude to involve interests which " 'transcend the mere regulation of the affairs of a political party' " (*Matter of Gross v Hoblock*, 6 AD3d at 936, quoting *Matter of Martin v Tutunjian*, 89 AD2d 1034 [1982]). For

example, the courts have found standing where the nonparty candidate's challenge involved noncompliance with substantive provisions of the Election Law, such as defects in the content of a designating petition (*see e.g. Matter of Liepshutz v Palmateer*, 112 AD2d 1098 [1985], *affd* 65 NY2d 963 [1985]; *Matter of Martin v Tutunjian*, 89 AD2d at 1034), but have found standing lacking where the alleged impropriety concerned the internal operation of party affairs, such as the process for making nominations to public office (*see e.g. Matter of Koppell v Garcia*, 275 AD2d at 587; *Matter of Stempel v Albany County Bd. of Elections*, 97 AD2d at 648).

Here, petitioners allege violations of Election Law §§ 6-124 and 6-126, including the assertion that the delegates who cast ballots at the convention did not substantially comply with the requirement that the number of delegates selected shall meet the ratio between the number of votes that the party's last gubernatorial candidate received in each assembly district and the total number received on that line statewide (*see* Election Law § 6-124). We view the intent of this requirement—as well as the others cited by petitioners, such as the procedure by which a late arriving delegate is seated and the balloting methodology employed—to regulate the manner and method by which judicial nominating conventions are conducted for the benefit of the members of the political party. Indeed, the proportionality requirement is designed to ensure that the members of the *Conservative Party* are fairly represented; the class of beneficiaries of that statute does not extend beyond the members of the party. A nonparty member has no interest in whether the statutory violations asserted here occurred, particularly in the absence of any claim that the nomination that resulted does not represent the will of the party that conducted the convention. Accordingly, we are of the view that Nicolai does not have standing as an aggrieved candidate to bring this proceeding (*see Matter of Koppell v Garcia, supra*; *Matter of Rose v Smith*, 220 AD2d at 924; *Matter of Stempel v Albany County Bd. of Elections, supra*; *cf. Matter of Avella v Batt*, 33 AD3d 77, 80 [2006] [challenge to illegal campaign contributions]; *Matter of Breslin v Conners*, 10 AD3d 471 [2004], *lv denied* 3 NY3d 603 [2004] [alleging fatal defects in certificate of declination]).

We turn next to Maxwell and McDonald, who are not aggrieved candidates, but who are members of the Conservative Party and were delegates to the convention at issue. As already noted, Election Law § 16-102 (1) also affords standing to a party chair or to a person who has filed objections to the certificate of

nomination. There is no claim that either Maxwell or McDonald is a party chair. In addition, no evidence exists that either of them filed objections to the certificate of nomination. Significantly, this omission deprives them of standing to maintain this proceeding (*see Matter of Naples v Swiatek*, 286 AD2d 567, 568 [2001], *lv denied* 96 NY2d 718 [2001]; *Matter of Seaman v Bird*, 176 AD2d 1061, 1062 [1991]; *Matter of Spallone v D'Apice*, 112 AD2d 1080 [1985], *lv denied* 65 NY2d 607 [1985]). Inasmuch as none of petitioners has standing in this case, the proceeding was properly dismissed. In view of our disposition, we need not address petitioners' remaining claims.

Mercure, J.P., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.