■ In the Matter of Francis A. Nicolai, Appellant, v Neil W. Kelleher et al., as Commissioners of the New York State Board of Elections, et al., Respondents, and Rory J. Bellantoni et al., Respondents. [844 NYS2d 508]—

Per Curiam. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered October 25, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondents Rory J. Bellantoni, Elaine Slobod and Robert Berliner as the Working Families Party candidates for the public office of Justice of the Supreme Court for the 9th Judicial District in the November 6, 2007 general election.

Following a judicial nominating convention held on September 26, 2007 by the Working Families Party, a certificate of nomination naming respondents Rory J. Bellantoni, Elaine Slobod and Robert Berliner as that party's candidates for the public office of Justice of the Supreme Court for the 9th Judicial District was filed with the State Board of Elections. Petitioner, a Democratic Party candidate for the same office, promptly commenced this proceeding pursuant to Election Law § 16-102 seeking to invalidate the certificate of nomination. In addition to the candidates nominated, he named as respondents the individual Commissioners of the Board as well as the chair and secretary

of the convention. Following service of an answer by the Board respondents, the remaining respondents moved to dismiss the proceeding on a number of grounds. Supreme Court granted the motion and this appeal ensued.

We affirm. Based on an analysis akin to that set forth in our decision in *Matter of Nicolai v Kelleher* (45 AD3d 960 [2007] [decided herewith]), we are of the view that petitioner is without standing to maintain this proceeding as an aggrieved candidate under Election Law § 16-102 (1). Petitioner is not a member of the Working Families Party and makes no claim that he "was entitled to the authorization of that party for designation as its candidate" (*Matter of Cane v Mahoney*, 40 NY2d 819, 820 [1976]; *see Matter of Wydler v Cristenfeld*, 35 NY2d 719, 720 [1974]; *Matter of Stempel v Albany County Bd. of Elections*, 97 AD2d 647, 648 [1983], *affd* 60 NY2d 801 [1983]). Further, petitioner has not established standing as an aggrieved candidate by asserting a violation of the Election Law which is designed to protect interests that " 'transcend the mere regulation of the affairs of the political party' " (*Matter of Gross v Hoblock*, 6 AD3d 933, 936 [2004], quoting *Matter of Martin v Tutunjian*, 89 AD2d 1034 [1982]). The only claim that petitioner asserts in this proceeding that was not addressed in *Matter of Nicolai v Kelleher* (*supra*)—that the convention proceeded without a majority of delegates present (*see* Election Law § 6-126 [1])—was not raised in the petition and is, in any event and like the remaining violations of Election Law §§ 6-124 and 6-126 asserted by petitioner, designed for the protection of the members of the Working Families Party. Accordingly, we find under the circumstances presented that petitioner is without standing to challenge the certificate of nomination. In view of our disposition, we need not address petitioner's remaining claims.

Mercure, J.P., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.