■ In the Matter of Francis A. Nicolai, Appellant, v Frank McKay et al., Respondents, et al., Respondents. [845 NYS2d 515]—

Per Curiam. Appeal from a judgment of the Supreme Court (O'Connor, J.), entered October 25, 2007 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to Election Law § 16-102, to declare invalid (1) the certificate of nomination naming respondents Rory J. Bellantoni, William E. Sherwood and John Ciampoli as the Independence Party candidates for the public office of Justice of the Supreme Court for the 9th Judicial District in the November 6, 2007 general election, and (2) the certificate of substitution naming respondent Elaine Slobod as an Independence Party candidate for said public office in place of John Ciampoli.

On September 28, 2007, a judicial nominating convention was held by the Independence Party to nominate candidates for the public office of Justice of the Supreme Court for the 9th Judicial District. During the convention, respondents Rory J. Bellantoni, William E. Sherwood and John Ciampoli were nominated as the Independence Party candidates for this office and a certificate of nomination was filed with respondent State Board of Elections. Ciampoli, however, declined the nomination and he was replaced by respondent Elaine Slobod, for whom a certificate of substitution was filed. Petitioner, a Democratic Party candidate seeking election to the same office, commenced this proceeding pursuant to Election Law § 16-102 against numerous respondents, including the nominated and substituted candidates, the convention chair and secretary, the State Independence Party, various county committees and Independence Party officials, as well as the Board and various county boards of elections, seeking to invalidate the actions taken at the Independence Party's judicial nominating convention. Following joinder of issue and a motion by some respondents to dismiss the petition, Supreme Court dismissed the proceeding. This appeal ensued.

We affirm. Based on an analysis akin to that set forth in our decision in *Matter of Nicolai v Kelleher* (45 AD3d 960 [2007] [decided herewith]), we are of the view that petitioner is without standing to maintain this proceeding as an aggrieved candidate under Election Law § 16-102 (1). Petitioner is not a member of the Independence Party and, while he asserts that he was an unsuccessful candidate for that party's nomination, he does not allege that he would have received the nomination were it not for purported irregularities in the manner and method by which the judicial nominating convention was conducted. Further, the asserted violations of Election Law §§ 6-124 and 6-126 are, like the claims at issue in *Matter of Nicolai v Kelleher* (*supra*), matters related to the internal functioning of a political party with respect to its nomination of candidates for judicial office and,

thus, subject to challenge only by members of that party (*see Matter of Wydler v Cristenfeld*, 35 NY2d 719 [1974]; *Matter of Koppell v Garcia*, 275 AD2d 587 [2000]; *Matter of Stempel v Albany County Bd. of Elections*, 97 AD2d 647 [1983], *affd* 60 NY2d 801 [1983]; *see also Matter of Nicolai v Kelleher*, 45 AD3d 960 [2007] [decided herewith]). Therefore, under the circumstances presented, we are of the view that petitioner is without standing to maintain this proceeding. In view of our disposition, we need not address petitioner's remaining claims.

Mercure, J.P., Peters, Spain, Carpinello and Kane, JJ., concur. Ordered that the judgment is affirmed, without costs.