■ In the Matter of ROSEMARIE M. JAROSZ et al., Appellants, v ANDREW J. SPANO et al., Respondents. [885 NYS2d 102]—

Appeal by Rosemarie M. Jarosz, George J. Hein, and Thomas G. Andruss, as limited by their brief, from so much of an order and judgment (one paper) of the Supreme Court, Westchester County (Colabella, J.), entered August 11, 2009, as, after a hearing, declared that a certificate of authorization dated July 13, 2009, designating Andrew J. Spano as a candidate in a primary election to be held on September 15, 2009 for the nomination of the Conservative Party as its candidate for the public office of Westchester County Executive, is valid and declared that Andrew J. Spano "may appear on the ballot of the Conservative Party primary on September 15, 2009."

Ordered that the order and judgment is affirmed insofar as appealed from, without costs or disbursements.

The appellants contend that the proxies used at the June 4, 2009 meeting of the Westchester County Committee of the Conservative Party of New York State (hereinafter the Committee), which had initially been used at the Committee's September 2008 organizational meeting, were invalid because they authorized use "at any meeting" and, therefore, failed to comply with article IV, § 5 of the Rules and Regulations of the Committee, which required that proxies be "confined to a specific meeting." Consequently, the appellants argue that if the invalid proxies are not considered, a quorum was not present at the June 4, 2009 meeting and, therefore, that the certificate of authorization (see Election Law § 6-120 [3]) dated July 13, 2009, resulting from that meeting, which designated Andrew J. Spano as a candidate in a primary election to be held on September 15, 2009 for the nomination of the Conservative Party for the public office of Westchester County Executive (hereinafter the July 13, 2009 certificate of authorization), is invalid.

The Supreme Court correctly determined that the appellants

waived their challenges to the July 13, 2009 certificate of authorization (see Matter of McGuinness v DeSapio, 9 AD2d 65, 74 [1959]; Nicolai v Kelleher, 21 Misc 3d 1140[A], 2007 NY Slip Op 52580 [U],*4, affd 45 AD3d 964 [2007]; see also Matter of Gross v Thaler, 18 AD2d 716 [1962]). The appellants Rosemarie M. Jarosz and Thomas G. Andruss participated in, voted at, and filed proxies at the June 4, 2009 meeting, and the appellant George J. Hein voted by proxy; all proxies were in the same form as the proxies now challenged. The Supreme Court's determination that there was no objection or motion made at the meeting with respect to the form of the proxies was supported by the record. In addition, the report of the Credentials Committee, which determined that the proxies were valid, was accepted at the June 4, 2009 meeting unanimously and without objection. Moreover, a motion to waive roll call and agree that there was a quorum by proxy passed unanimously.

Accordingly, the Supreme Court properly declared that the July 13, 2009 certificate of authorization was valid and that Andrew J. Spano "may appear on the ballot of the Conservative Party primary on September 15, 2009."

The appellants' remaining contention does not warrant reversal. Mastro, J.P., Leventhal, Chambers and Roman, JJ., concur.