Matter of Manning v Senecal (2023 NY Slip Op 04687)

Matter of Manning v Senecal

2023 NY Slip Op 04687

Decided on September 20, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:September 20, 2023

CV-23-1665
[*1]In the Matter of Jerika Manning et al., Appellants,
v
Amy Asadourian Senecal et al., Respondents, et al., Respondent.

Calendar Date:September 20, 2023

Before:Egan Jr., J.P., Lynch, Clark, Fisher and Powers, JJ.

Perillo Hill LLP, Sayville (John Ciampoli of counsel), for appellants.
Timothy J. Lawliss, Peru, for Amy Asadourian Senecal, respondent.
Mark Schneider, Plattsburgh, for Clinton County Democratic Committee and others, respondents.

Per Curiam.
Appeal from a judgment of the Supreme Court (Glen T. Bruening, J.), entered September 3, 2023 in Clinton County, which dismissed petitioners' application, in a proceeding pursuant to Election Law § 16-102, to declare invalid the certificate of nomination naming respondent Amy Asadourian Senecal as the Democratic Party candidate for the public office of Family Court Judge of Clinton County in the November 7, 2023 general election.
On September 27, 2022, respondent Clinton County Democratic Committee (hereinafter CCDC) held a reorganization meeting at which members of the CCDC were elected. On June 29, 2023, the CCDC held a meeting to nominate a candidate for the office of Family Court Judge of Clinton County. Thereafter, on or about July 11, 2023, the CCDC filed with respondent Clinton County Board of Elections a certificate of nomination, signed by respondent Brandi Lloyd as the presiding officer and respondent Mary Dyer as secretary, purportedly nominating respondent Amy Asadourian Senecal as the Democratic Party candidate for the public office of Family Court Judge of Clinton County in the November 7, 2023 general election. On July 14, 2023, petitioners, as voter-objectors enrolled in the Republican Party, filed with the Board general objections to the certificate of nomination.[FN1] [FN2]
Shortly thereafter, petitioners commenced this special proceeding pursuant to Election Law § 16-102 seeking to invalidate the certificate of nomination, alleging that the CCDC was without authority to act and file the certificate of nomination as said committee was not properly reorganized and constituted pursuant to Election Law §§ 2-104 and 2-112 following the 2022 primary election. Specifically, petitioners allege that the CCDC failed to file a notice of reorganization evidencing that it held a reorganizational meeting following the 2022 primary election as required by Election Law § 2-112 (1) (d) and further failed to elect a sufficient number of committee members as required by Election Law § 2-104 (3) to legally constitute a county committee that could file a certificate of nomination.
Following joinder of issue raising various affirmative defenses, a hearing was held, after which Supreme Court dismissed the petition, finding that petitioners, who are registered Republicans, lack standing to maintain the proceeding because their challenge relates to the internal affairs and operating function of another political party. The court further found that the proceeding was barred by the statute of limitations because, although petitioners cast their petition as one brought pursuant to Election Law § 16-102 (1) challenging the certificate of nomination, the determination distilled to the validity of the September 27, 2022 CCDC organizational meeting, a challenge which must have been commenced within 10 days thereof. Petitioners appeal.
We agree with petitioners that they have standing to commence this proceeding. "[O]rdinarily, a [nonparty member] has no standing [*2]to challenge the internal affairs and operating functions of another political party" (Matter of Nicolai v Kelleher, 45 AD3d 960, 962 [3d Dept 2007]), unless " 'the interests involved transcend the mere regulation of the affairs of a political party' " (Matter of Gross v Hoblock, 6 AD3d 933, 936 [3d Dept 2004] [ellipsis omitted], quoting Matter of Martin v Tutunjian, 89 AD2d 1034, 1034 [3d Dept 1982]). "[T]he standing issue ultimately turns upon whether the underlying challenge is to the internal affairs and/or operating functions of a political party in its [nomination] of candidates or, rather, to a legislatively mandated requirement of the Election Law" (Matter of Gross v Hoblock, 6 AD3d at 935; see Matter of Stempel v Albany County Bd. of Elections, 97 AD2d 647, 648 [3d Dept 1983], affd 60 NY2d 801 [1983]).
As acknowledged by petitioners at the hearing, they lack standing to challenge the method or manner in which the CCDC was elected following the reorganizational meeting. Petitioners assert, however, that their challenge is to whether a legally constituted county committee existed, as a matter of law, so as to have the authority to act on behalf of the CCDC in voting and filing the certificate of nomination.
Election Law § 2-104 (3) provides that "a county committee of a party shall be legally constituted if [25%] of the committeemen required to be elected in such county . . . have been elected" (emphasis added). A committee, by definition, "represent[s] the members of a party in any political unit" (Election Law § 1-104 [6]) and must be organized in accordance with the Election Law (see Matter of Koppell v Garcia, 275 AD2d 587, 588 [3d Dept 2000]). As the Legislature mandated the requirements for a legally-constituted county committee, we find that the issue of whether a political party has legally constituted a county committee in accordance with the substantive provisions of the Election Law involves an interest that " 'transcend[s] the mere regulation of the affairs of a political party' " relating to whether those who signed the certificate of nomination were legally authorized to act on behalf of a political party (Matter of Gross v Hoblock, 6 AD3d at 936, quoting Matter of Martin v Tutunjian, 89 AD2d at 1034; see Matter of Cox v Spoth, 165 AD3d 1648, 1649-1650 [4th Dept 2018]). As such, petitioners, as nonparty member-objectors, have standing to challenge the legality of whether the CCDC was properly constituted and, therefore, authorized to act on behalf of the political party.
We nevertheless conclude that the proceeding is untimely. Although petitioners contend that the challenge did not accrue until the CCDC acted in nominating a candidate, whether the CCDC legally existed or not was discernable following the reorganizational meeting. To that end, it has been held that "a petition challenging 'the validity' of a county committee must be commenced 'within 10 days after the . . . organizational meeting of the Committee, at the [*3]latest' " (Matter of Kosowski v Donovan, 18 NY3d 686, 688 [2012], quoting Sack v Board of Elections of City of N.Y., 65 NY2d 958, 959 [1985]). As petitioners' challenge was raised well beyond 10 days following the CCDC reorganization meeting held on September 27, 2022, the proceeding is untimely. In light of this disposition, whether the CCDC was legally constituted and authorized to act on the certificate of nomination is not properly before this Court.
Egan Jr., J.P., Lynch, Clark, Fisher and Powers, JJ., concur.
ORDERED that the judgment is affirmed, without costs.

Footnotes

Footnote 1: Although the petition asserts that petitioners filed specific objections to the certificate of nomination, no specific objections were attached to the petition nor are they included in the Record on Appeal. 

Footnote 2: The Board subsequently determined that the objections were invalid on prima facie review as the basis for the objections was not within the purview of the Board and current litigation regarding the matter had already been commenced, i.e., the instant proceeding.